50 243
88 561

## S. W. AND L. D. MARCH V. J. J. HUYTER ET AL.

1. PRACTICE IN DISTRICT COURT.—Before the adoption of the new rules, it was not error, when no objection at the time was made, for a district judge, to whom was submitted a case without a jury, to take the case under advisement, and declare his decision and render judgment in the case at a subsequent term of the court.

2. DEED BY A TENANT IN COMMON.—A deed by one joint tenant, or tenant in common, to a distinct portion of the estate, by certain metes and bounds, is not void as to all parties and all interests, but only invalid as against the rights of co-tenants in obtaining an equal partition. As against the grantor, such deed is valid as an estoppel to the extent of his interest.

3. EVIDENCE—DEED ATTACKED FOR FRAUD.—That a deed was obtained by undue influence on the grantor is not a reason for excluding it, if properly proven ; the facts destroying its effect from fraud and undue influence are for the jury.

4. JOINT WILLS.—A joint and mutual will, made by husband and wife, may lawfully be executed. The separate acknowledgment of the wife is not necessary to its validity. If duly probated, its validity is conclusive against a collateral attack.

5. PROBATE OF WILL.—A devisee takes under the terms of the will. The object of the probate, is to establish its existence and. genuineness.

6. ESTATE OF DEVISEE BEFORE PROBATE OF WILL.—A sale by a devisee of an interest held under a will, and before its probate, passes the estate. A subsequent probate, by relation would give vitality to such conveyance, except as against an innocent purchaser from an heir.

APPEAL from Rusk. Tried below before the Hon. A. J. Booty.

S. W. March and L. D. March, April 25, 1871, claiming one-fourth interest in the estate of Susan and Bird Linthecum, brought suit in the District Court of Rusk county for partition against R. C. Linthecum, Mrs. Martha Salmons, and others.

The defendant R. C. Linthecum held part of the estate by purchase of Bird after the death of his wife Susan. The deed from Bird Linthecum was attacked and asked to be cancelled.

Pending the suit, J. J. Huyter became the owner, by pur-

chase at a trust sale, of the interest of R. C. Linthecum, and intervened in the suit.

In the litigation, the effect of a joint and mutual will made by Bird and Susan was drawn in question. The will is as follows:

"Know all men by these presents: That we, Bird and Susan Linthecum, have mutually agreed to the following arrangement and disposition of all our property, to wit:

First. The one that survives the other in this life to keep and remain in possession of all the property we have, both real and personal, during their lifetime, and the survivor is at liberty to sell the land and make title, or any other property we have, except the negroes, as we believe that neither will do anything but what is for the best, and at the death of the survivor the following disposition to take place. [Then follow specific bequests of negro slaves, by name, to each of his living children.]

And we give and bequeath to the heirs of our beloved daughter Fannie Walton, deceased, namely, William, Oakley, Jabez, and Dudley March, $1,200, to be equally divided among them, believing this to be sufficient, with the negro girl and her increase given their mother, (there being now five of them,) to make their part equal to our other children.

We do appoint and request as our executors Jabez Booker, Isaac Lawler, and Robert Haltom, and that they proceed immediately after our deaths to sell all the property not herein named, in such manner as they may think best, except the household furniture, including the land and all other description of property that there may be, and pay all our debts, and then the $1,200 to our grandchildren, as before named, the balance, whatever it may be, together with the household furniture, to be equally divided between our first-named three children, and deliver over the negroes as herein directed.

We make this our last will and testament this September 28, 1860.        (Signed)      B. LINTHECUM.
                                        SUSAN LINTHECUM.

Signed and acknowledged on the day above written.

ISAAC LAWLER.

ALLEN BIRDWELL."

Susan Linthecum died December 16, 1860 ; Bird Linthecum died January 15, 1869.   The will was probated as the will of Susan, on the application of R. C. Linthecum, March 28, 1870.

Save as to the controversy between the intervenor Huyter and the plaintiffs, the litigation seems to have been adjusted before the trial.

September, 1876, the case was submitted to the court without a jury.   Without objection at the time, the judge held the case under advisement, and at the January Term, 1877, the decision of the court was announced, and judgment rendered that plaintiffs take nothing by their suit; that Huyter and Mrs. Salmons recover the land claimed by them.

From the judgment the plaintiffs appealed.   The additional facts are sufficiently given in the opinion of the court.

*Morris & Gould,* for appellants.—Appellants, claiming by purchase and inheritance one-fourth interest in the estate of Bird and Susan Linthecum, sue the other heirs for partition of said estate, and ask that the personal property belonging to said estate, already appropriated by defendant R. C. Linthecum, be deducted out of his share of the land.   R. C. Linthecum and Salmons and wife claim all the land by purchase from Bird Linthecum after the death of his wife Susan, and intervenor J. J. Huyter claims through deed from J. E. Norvell, who claims under a trust deed from R. C. Linthecum and wife.

We think that the land described in plaintiffs' petition ought to be partitioned and plaintiffs' prayer granted, for the following reasons:

I. The land being community property of Bird and Susan Linthecum, and the survivor being a joint tenant with the children of the deceased, could not convey a distinct portion

of the estate by metes and bounds.   (Good *v.* Coombs, 28 Tex., 51, and authorities there cited.)

II. Bird Linthecum could not sell under the will of his deceased wife, for said will was not probated until after his death.   And he seems to have ignored it entirely in his management of the estate.   (Toll. on Ex., p. 10.)

III. If it should be held that Bird Linthecum was authorized to act under the will, then, by the provisions of said will, the plaintiffs, representing the heirs of Fannie Walton, are entitled to $1,200 out of said estate.   But the executors appointed in said will never qualified as such, and Bird Linthecum, who was not one of the executors, could not dispose of the estate, except as administrator with the will annexed, or by filing an inventory of the community property and giving bond, which it is not pretended he ever did.

IV. Said will cannot have any force as a compact or a deed of conveyance to Bird Linthecum, for Susan, at the time being a married woman, could not alienate her property without a separate acknowledgment, under our statute.

For the above reasons we think the entire estate of Bird and Susan Linthecum is subject to partition among the heirs, and plaintiffs are entitled to their one-fourth; for Norvell had full notice of their claim before he purchased, as did intervenor Huyter, for he purchased after the institution of this suit.

We think, also, the judgment ought to be reversed for the reasons set forth in the bill of exceptions and assignment of errors.

The joint will of Bird and Susan Linthecum is absolutely void.   (Will. on Ex., p. 9; Wyche *v.* Clapp, 43 Tex., 543.)

V. We think the judgment ought to be reversed, because the same was not rendered until a term of the court subsequent to the term of trial.   If a court can hold up its judgment for one term, it can for two, and for an indefinite period of time, to the great detriment and oppression of parties liti-

gant, and especially to parties who may wish to appeal and wish to send up a correct statement of facts.

*R. M. Wynne,* for appellees.—We think the most important question, and one that will be almost decisive of the main question in this case, is that of the joint will of Bird and Susan Linthecum, and probated as the last will of Susan, raised by the fourth error assigned. We think the appellants are precluded from the benefit arising from the invalidity or irregularity of said will, if, indeed, such there were, because there is a judgment from the court establishing such will as the last will of Susan, and all the presumptions that the law raises in support of the judgment of courts of competent jurisdiction are in full vigor with regard to said judgment, and cannot be collaterally attacked, as is sought by appellants in this cause. This is not a direct proceeding to set aside the said will, nor is it in the nature of an appeal to the District Court. Judgments of courts of probate, in all matters pertaining to estates of which they have jurisdiction, have as high standing as judgments of courts of general jurisdiction. (Withers *v.* Patterson, 27 Tex., 491.) We are of opinion that the will can be fully sustained as a valid will, and it fully authorized Bird Linthecum to sell any portion of the common property except slaves. (1 Red. on Wills, p. 182, and authorities referred *to in notes in support of mutual wills and upon the* question of probate of joint wills after the death of testator.) The probate is conclusive as to all matters involved, until set aside by direct proceedings in the nature of an appeal. (Clapp *v.* Wyche, 43 Tex., 543.) This will was rather in the nature of both a joint and mutual will. The testators made joint bequests of their property, and also bequeathed the sole management and disposition of the land and personal property, other than slaves, to the survivor, which, in so far as it disposed of the community property other than slaves, is a mutual will, and under the authority above recited, and also under the authority of Walker *v.* Walker, 14 Ohio, (N. S.,)

157; 3 Ves., 402, and 1 Bradf. Sr., 476, must be sustained. We think a close scrutiny of the case of Walker *v.* Walker, 14 Ohio, above referred to, will support the will of Susan Linthecum, at least in so far as the same disposes of her community interest in the lands of the community and personal property other than slaves. Surely if a married woman can make a will at all, she can give in it to whom she pleases, or she can give the control of it to whom she pleases, and if she gave the control to her husband, her heirs would be bound by what he did with it. The will of Susan Linthecum fully empowered Bird Linthecum to dispose of all the community property except the slaves. It has been probated by the proper court and cannot be collaterally attacked; though plead and proved as one of the muniments of appellees' title. We would submit that this case, under the rule laid down in Jones *v.* Jones, 15 Tex., 143, in which no presumption will be indulged by the courts, should be decided in favor of appellants.

*W. S. Herndon,* for appellee Huyter.

BONNER, ASSOCIATE JUSTICE.—The material issues and facts in this case are substantially these: Bird Linthecum and his wife Susan, being the owners of certain personal property, slaves, and lands, on September 28, 1860, made a joint will, to the effect that the survivor was to keep and remain in possession of the property during lifetime, with power to sell the land and other property, except the slaves, and make title thereto, and at the death of the survivor the slaves were specifically given to their three living children, T. B. Linthecum, R. C. Linthecum, and Martha Salmons, and the sum of $1,200 was given to the heirs of a deceased daughter, Fannie Walton, wife of George J. Walton, viz., William, Oakley, and Jabez Walton, and to one of the plaintiffs, L. D. March, who was a son of a deceased daughter of the said Fannie. Susan Linthecum died in the year 1860, before Bird, who died

in January, 1870. The will was not probated until March, 1870, after the death of both, and then probated as the will of Susan Linthecum. At her death they were possessed of certain personal property, slaves, and three tracts of land: one of two hundred and two, one of one hundred and sixty, and the other of one hundred and sixty-seven and one-half acres. After her death Bird Linthecum sold fifty acres not in controversy off the tract of two hundred and two acres. He afterwards conveyed the tract of one hundred and sixty acres to Martha Salmons, and the remainder of the land he sold and conveyed to R. C. Linthecum. The deed to him conveyed also seventy-five acres of land which Bird Linthecum had purchased, subsequently to the death of Susan Linthecum, from George J. Walton. Subsequently, by mesne conveyances, the land thus sold to R. C. Linthecum was purchased by J. J. Huyter, one of the appellees.

This suit was brought by S. W. March, who purchased the interest of all the heirs of Fannie Walton in and to the estates of Bird and Susan Linthecum, except that owned by L. D. March, the grandson of Fannie Walton, and who joins as a plaintiff; they claiming to be entitled to one-fourth interests in the estates of Bird and Susan Linthecum. The other heirs of Bird and Susan are made parties, and the suit is brought to cancel the deeds to Martha Salmons and R. C. Linthecum, and for partition. J. J. Huyter, having purchased the lands sold to R. C. Linthecum, intervenes. The plaintiffs allege that the personal property was taken into possession by R. C. Linthecum, and pending the suit they compromised with him, and the suit then, virtually, was finally prosecuted between the plaintiffs and Martha Salmons and the intervenor Huyter for the land. The cause came on for trial at the September Term, 1876; a jury was waived and the issues of law and fact submitted to the court, and the same taken under advisement. At the succeeding January Term, 1877, judgment was rendered for Martha Salmons and the intervenor Huyter for the lands claimed by

---

---

them respectively, and from that judgment this appeal is taken.

1. The first error assigned is, that the court rendered judgment at a term subsequent to that at which the cause had been submitted and tried.

To prevent the great difficulty which might arise in making up statements of fact and bills of exception, and other very embarrassing questions, should the practice prevail, without proper limitations, that causes submitted to the court on the law and the facts should be taken under advisement until the next or some succeeding term, was doubtless the object of the present rule No. 65 for the District Court. This rule is as follows: "A cause that has been submitted for trial to the judge on the law and facts shall be determined and judgment rendered therein during the term at which it has been submitted, and at least two days before the end of the term, if it has been tried and submitted one day before that time, unless it is continued, after such submission for trial, by the consent of the parties, placed on the record; and in such event a statement of facts and bills of exception shall be prepared and filed, upon a request, in writing, by either party."

The present case was tried before the new rules went into effect. Had objection been taken by either party at the time the cause was taken under advisement and held over, or before the judgment at the succeeding term was announced, and the judge presiding had, over this objection, taken the case under advisement, or made his decision at the subsequent term, we think it would have been such a departure from a proper practice as should call for a reversal of the judgment. The record, however, does not show any objection, taken either at the time the court announced that the cause would be taken under advisement or before announcing the decision, but it seems to have been made subsequently, and we think it may reasonably be presumed that there was an implied consent, at least, to the action of the court. It does not appear that the parties have been prejudiced

thereby, there being both full bills of exception and a volu-
minous statement of facts; the court had jurisdiction both of
the person and the subject-matter; and as the judgment was
rendered at the regular term, we do not think, under the
circumstances, there was error which would authorize its re-
versal.

2. The second error assigned is, that the court erred in ad-
mitting in evidence the deed to the seventy-five acres of land
purchased by Bird Linthecum from George J. Walton, for
the reason that it was part of a tract owned by George J.
and Martha Walton as their community property, and the
deed objected to was made after her death and conveyed
this seventy-five acres by specified metes and bounds.

It was not intended to decide, in the cases of Dorn *v.* Dun-
ham, 24 Tex., 376; Good *v.* Coombs, 28 Tex., 51; McKey *v.*
Welch, 22 Tex., 396, and other decisions on this subject, that
the deed of one joint tenant, or tenant in common, to a dis-
tinct portion of the estate by certain metes and bounds was
absolutely void as to all parties and all interest, but that the
effect of such deeds was that they should not prejudice the
rights of co-tenants. As against the grantor himself, the deed
would be valid and effectual to bind, by estoppel, at least his
interest in the specific land conveyed. (Paschal's Dig., art.
998.) For this purpose, if for no other, the deed objected to
was admissible.

There is, however, no very satisfactory evidence that the
land was community property of George J. and Martha Wal-
ton. The statement of facts recites that she died in the year
1854, and the deed is made to him, and bears date on the
last day but one of that year. If, however, it be admitted
that it is such community property, although it is embraced in
the deed from Bird Linthecum to R. C. Linthecum, it was not
community property of Bird and Susan Linthecum, and was
not sued for by the plaintiffs. If the deed was not suffi-
cient to pass title to this seventy-five acres, on the ground
objected to, this would not make it invalid for such other

interest as was conveyed. · It is not, then, apparent why the deed could, as to this interest, prejudice the rights of the plaintiffs, or that there was error in overruling the objection to it.

3. The third error assigned is, that the court erred in overruling the objections to the introduction in evidence of the deed from Bird Linthecum to R. C. Linthecum—

First. Because of want of capacity to make the same by reason of old age and imbecility.

Second. Because the land was community property of Bird and Susan Linthecum, and could not after her death be conveyed by him by specific metes and bounds.

The first point was not well taken by objection to the introduction of the testimony. Whether Bird Linthecum was or was not competent to make the deed was a question of fact to be determined by the evidence, and, as a basis for its introduction, it was proper to admit the deed. The testimony upon this point was conflicting, with, in our opinion, a preponderance in favor of his capacity. The court having so decided, this decision, under the circumstances, should not be disturbed.

The second objection, as a legal proposition, going to the mere introduction of the deed in evidence, is answered in favor of its introduction by the reasons stated above to a like objection to the deed from G. J. Walton to Bird Linthecum.

4. The fourth error assigned is to the introduction of the joint will of Bird and Susan Linthecum, because the same was not a will, but was inoperative and void; because not binding on Susan Linthecum as a contract, not having been separately acknowledged; and because not probated until after the death of Bird Linthecum, and after the plaintiff S. W. March had purchased the interest sued for by him.

The question of the validity and legal effect of joint and mutual wills has occasioned much discussion and conflict of opinion. But, as said by this court, "The weight of authority, however, seems, we think, to hold that they may be admitted

to probate on the decease of either party, if otherwise unobjectionable." (Wyche *v.* Clapp, 43 Tex., 548.) In that case the court held that a joint will made by the husband and wife could be admitted to probate by the wife after his death.

The case now before the court is not one where there was a mutual agreement to make a will, and which, as intimated in the above case, might not be binding upon the wife as a contract unless separately acknowledged by her, but one in which the will was executed, and, not having been revoked by the wife, was duly admitted to probate as her will after her death. Neither is any question raised here as to how far after her death the instrument became binding upon the husband as a compact in favor of the other beneficiaries under the will. (3 Wash. on Real. Prop., 4th ed., 503; 1 Red. on Wills, 182; Schumaker *v.* Schmidt, 44 Ala., 454.)

The issue is, whether the instrument was valid as the will of Susan Linthecum. As shown by the authorities, such a will as the one now under consideration can be made, and the same having been legally probated as a will by a court of competent jurisdiction, its judgment remaining in full force and effect, is conclusive upon a collateral attack.

Under the terms of the statute then in force, (Paschal's Dig., art. 1373,) and by the terms of the will, the interest of Susan Linthecum in and to the lands vested immediately on her death in Bird Linthecum, with power of sale, subject to the rights of creditors. He did not derive his interest under the will by virtue of its probate, but by the terms of the will itself. The object of this probate was to establish its existence and genuineness, and though the sales by Bird Linthecum, R. C. Linthecum, and Martha Salmons were made prior to the probate of the will, yet, when thus established, it, by relation, reached back and gave full vitality to these conveyances. If the testimony had shown that S. W. March had been a purchaser from an heir at law of Susan Linthecum for a valuable consideration, paid without notice, prior to the probate of the will, then this title by relation might not affect his rights thus

acquired. But the testimony fails to show this. The other plaintiff, L. D. March, as one of her heirs, must be held to take subject to the terms of the will.

In this connection, it may be remarked that the record shows that Bird Linthecum paid several hundred dollars of community debts after the death of his wife.

The above virtually disposes of the remaining errors assigned, and there being no manifest error for which the judgment should be reversed, the same is affirmed.

AFFIRMED.