## E. R. POOLE V. L. B. JACKSON.

(Case No. 5467.)

1. CONTINUANCE—DILIGENCE—See opinion for diligence used to procure the testimony of a witness held insufficient to support a motion for a continuance.

2. PROBATE OF WILLS—ENTRY ON MINUTES—Arts. 1854, 1855, R. S., do not apply to wills probated outside of this state. Such wills are not required to be entered upon the minutes of the court as in other cases, but merely to be filed and recorded.

3. SAME—In case of an original will, the entry upon the minutes is to preserve a record of the evidence upon which the will was probated, to be used if the genuineness of the will should be questioned at some other time and in some other court. A will probated in another state is not open to contest in Texas. Its execution is *res adjudicata;* proof is necessary only of its admission to probate by a court having jurisdiction of the subject matter.

4. RECORD OF DEED—WITNESS—The proof upon which a deed was recorded did not show that the witness either saw the grantor sign the deed, or heard him acknowledge its execution. *Held,* the deed was properly ruled out when offered as evidence of title.

ERROR from Live Oak. Tried below before the Hon. D. P. Marr.

This was an action of trespass to try title to fifteen hundred acres of land in Live Oak and Bee counties. The suit was filed by Mrs. Jackson against Poole in the district court of Live Oak county, on January 9, 1884. Defendant answered at the March term, 1884, by a general demurrer, general denial and a plea of not guilty, and the cause was continued by agreement. At the September term, 1884, the defendant applied for a continuance, which was refused. There was a trial by the court, without a jury, and judgment rendered for the plaintiff for the land in controversy and costs of suit.

*Lawhon & Browne,* for plaintiff in error, on continuance, cited: R. S., Art. 1277; Hunter *v.* Waite, 11 Tex., 85; Prewett *v.* Everett, 10 Tex., 283; Payne *v.* Cox, 13 Tex., 481; Chambers *v.* Fisk, 15 Tex.,

335; Johnson v. Evans, 15 Tex., 39; Stanley v. Epperson, 45 Tex., 644; Brooks v. Howard, 30 Tex., 278.

On the introduction of the will in evidence, they cited : Paschal v. Acklin, 27 Tex. 173; Brundige v. Rutherford, 57 Tex., 22.

T. A. Blair and E. Edmonds, for defendant in error, on continuance, cited: Hipp v. Robb, 7 Tex., 68; Baker v. Johnson, 16 Tex., 135; Baker v. Kellogg, 16 Tex., 118; McFaddin v. Preston, 54 Tex., 406.

On the introduction of the will in evidence, they cited: R. S., Arts. 1856, 4876; Houze v. Houze, 16 Tex., 600; Paschal v. Acklin, 27 Tex., 193; Mills v. Herndon, 60 Tex., 356.

WILLIE, CHIEF JUSTICE.—The affidavit for continuance did not show sufficient diligence on the part of the appellant to procure the testimony of the witness Jackson. What he proposed to prove by Jackson was the execution of a deed by himself, which deed was in the line of the appellant's title to the land in controversy. Without this deed in evidence his adversary necessarily succeeded in the suit. This suit was commenced on January 9, 1884 ; and yet the appellant, with full knowledge then that he must have proof of the execution of Jackson's deed, took no steps to procure this testimony until August 25 thereafter. His excuse for the delay was his failure to employ an attorney to defend his suit until within a few days of the time when the interrogatories were propounded to the witness. But the record shows, and the district judge certifies, that, for at least five months previous to the time when the interrogatories were propounded, the appellant was represented by the very attorneys who filed the interrogatories and defended the suit upon its final trial. These facts show great negligence in attempting to procure the evidence, and fully justify the ruling of the court below refusing the continuance. It is, therefore, unnecessary for us to consider whether the mere filing of cross-interrogatories to a witness after the opposite party has taken out and forwarded a commission to take his answers upon direct interrogatories, is the use of proper diligence to procure testimony upon which the case of the party filing the cross-interrogatories in a great measure depends. McFaddin v. Preston, 54 Tex., 406.

We think the copy of C. P. Jackson's will was properly admitted in evidence. Our Revised Statutes provide that when an original will is probated, the will, together with the application for the probate thereof and all the testimony in the case, shall be recorded in the minutes of the court wherein the will is probated. They further provide that a certified copy of such record of testimony may be read in evidence

on the trial of the same matter in any other court when taken there by appeal or otherwise. Arts. 1854, 1855. There are no such provisions in reference to wills already probated outside of this State. The law does not especially provide that they shall be entered upon the minutes of the court as in other cases, but merely that they shall be filed and recorded. This omission implies that the entry upon the minutes is not necessary. The reason why it is required in case of an original will is apparent. It is to preserve a record of the evidence upon which the will was probated, in connection with the will itself. The genuineness of the will may be questioned at some other time and in some other court. In that event, a certified copy of the instrument, and the statements of the witnesses upon which it was probated, are to be received in evidence. But our laws do not leave open to contest a will which has been probated in another state. The question of its execution is *res adjudicata*. The proof of its execution is not preserved in our courts. That it has been admitted to probate by a court having jurisdiction of the subject matter is all that we require. Hence, a copy of the will, and its probate abroad, is all that is to be recorded. These are not a part of the proceedings of our courts, and need not go upon their minutes. As this record is not made for the purpose of preserving evidence of the execution of the will, but of its contents, its appropriate place would seem to be in the book where original wills are registered for this purpose, and not on the minutes where they are recorded for the purpose of preserving evidence of their execution. The present will was recorded there, in pursuance of a proper order of the court, and we think it was properly admitted in evidence.

The deed from N. A. Jackson to J. D. Ingle was properly ruled out. The proof upon which it was recorded was not in compliance with our statutes. It does not show that the witness either saw the grantor sign the deed, or heard him acknowledge its execution. After this deed was ruled out, the deed from Ingle to Poole became of no use to appellant as a link in the chain of his title. Its rejection did him no injury, and the deed would not have been, if admitted, pertinent to the issue between the parties.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered June 11, 1886.]