## J. J. WELDER ET AL. v. ELIZABETH B. McCOMB ET AL.

### No. 809.

1. **Probate of Foreign Will—Conveyance Before Probate.**—A will probated in another State directed the making of an allotment and division of the property, and its conveyance to the devisees, and this was done before the probate of the will in Texas, where the land was situated. *Held*, that although the will could not be used as evidence in the courts of this State until probated here, yet that such conveyance was valid, since the devisees took by force of the devise in the will, and not through the conveyance of title.

2. **Same—Conveyance Where Authority of Court is Not Requisite.**—Where the will authorizes the exercise of the power immediately upon the death of the testator, the subsequent probate of the will simply furnishes the authentic evidence of the power, and the case is different from that of power usually given to executors to sell for purposes of administration, which may require the sanction of the court before it can be exercised. Mills v. Herndon, 60 Texas, 353, distinguished.

3. **Trespass to Try Title—Variance—Equitable Title in Another Person than Alleged.**—Plaintiffs sued in trespass to try title, alleging that they held the legal title in trust for one B., a minor, and the father of B., as his next friend, joined in the petition. The proof showed that the trustees, under the terms of a will made twelve years previously, held the title in trust for M., and did not show that M. was dead, or that B. was in any way connected with the equitable title. *Held*, that the variance was immaterial, and plaintiffs were entitled to recover against the defendants, who were not connected with the equitable title.

4. **Landlord and Tenant—Estoppel—Vacant Public Lands.**—A lessee of land which proves to be vacant public domain is not estopped to deny his lessor's title, since such land is not the subject of lease without right from the State.

5. **Probate of Foreign Will—Certificate.**—Objection to the authentication of the probate of a will in another State—that it consisted of only one certificate, made

by the same officer in his capacities of judge and of clerk—is not well taken; but if such certificate were defective, it does not follow that the order of the Texas court admitting the will to probate would on that account be void and subject to collateral attack.

6. Charge of Court—Limitations.—Where defendants went into possession as tenants of plaintiffs, and the evidence did not show that they had openly repudiated such holding, and brought home notice of an adverse possession to plaintiffs, it was not error to refuse to submit the issue of limitations to the jury.

7. Survey—Presumption—Charge of Court.—A charge, that the presumption is to be indulged that the surveyor actually ran the lines of a survey, would in many cases be an invasion of the province of the jury, and the giving of such charges is not considered to be the correct practice.

APPEAL from Victoria. Tried below before Hon. S. F. GRIMES.

*Samuel B. Dabney*, for appellants. —1. Testamentary trustees, or donees of a power, can not exercise their authority as to real estate in Texas until the will under which they act has been probated in this State, and the failure to probate the will before acting goes to the authority of the trustees, and a subsequent probate will not relate back and give validity to previous acts done without authority. Mills v. Herndon, 60 Texas, 353.

2. The trustees, holding the legal title, and having certain powers of management over the estate of which B. is the beneficiary for life, will not be presumed to be, after the lapse of twelve years, trustees of the legal title holding the same for X, with different powers of management, especially in view of the terms and provisions of the will in this case creating the trust. More v. City of Waco, 85 Texas, 206; 2 Whart. on Ev., sec. 1284; Cowen's and Hill's Notes to Phillips on Evidence.

On the title vesting by the statute of uses or otherwise: Pom. Eq. Jur., sec. 986, note 1.

*Glass, Callender & Carsner*, for appellees.—1. As to the subsequent probate of the will in Texas, relating back to the conveyance by Walthall and Dupont as devisees to the trustees named, and validating that conveyance: March v. Huyter, 50 Texas, 243, 253; Mills v. Herndon, 60 Texas, 353, 355, 356.

2. The Probate Court of Victoria County had jurisdiction to pass upon the sufficiency of the certificate of the Delaware probate of the will of said testator; and that court having adjudged it to be sufficient, and having admitted said will to record here, under the provisions of our statutes, the judgment of said Probate Court of Victoria County is conclusive, and is not subject to the collateral attack here made on it. Rev. Stats., art. 1856; Alexander v. Maverick, 18 Texas, 179.

3. H. G. Austin having taken possession of the Peter Brake survey, under a lease from the plaintiffs, and so holding it at the time of the location under which defendants claim, and H. P. Jordan having inclosed part of the Brake survey by permission of or under an agree-

ment with said Austin, neither the possession of Austin nor Jordan could become adverse to plaintiffs until they repudiated the tenancy and delivered up possession of the land, or gave actual notice to plaintiffs of the repudiation of the tenancy. Juneman v. Franklin, 67 Texas, 411; McKie v. Anderson, 78 Texas, 209; Fowler v. Simpson, 79 Texas, 611.

WILLIAMS, ASSOCIATE JUSTICE.—Elizabeth B. McComb and James Craig McComb sued in trespass to try title to recover of appellants and Hiram G. Austin 330 acres of land, part of the Peter Brake 640 acres tract, alleging that they held the legal title thereto for the use and benefit of Henry McComb Bangs, a minor. Francis S. Bangs, as the father and next friend of the minor, joined in the petition. It was alleged that plaintiff had such title to all of the Peter Brake survey of 640 acres, which adjoined on its western boundary the grant of two leagues made to Phillip Dimmitt, and embraced the land sued for, but that Jordan and Austin, by representing that there was vacant land between the Brake and Dimmitt tracts, had procured a patent for the 330 acres sued for, under a certificate issued to Julia A. Thomas.

Austin disclaimed. Jordan and Welder filed separate answers, pleading not guilty, limitations, and improvements made in good faith. Their pleas stating the ground for their claim for improvements show that they claim separate parcels of the land sued for under the location by virtue of the Thomas certificate, and assert that the Peter Brake survey does not include such land.

The case was tried before a jury, and verdict and judgment were rendered for plaintiffs.

The evidence raised questions as to plaintiffs' title to the Peter Brake survey, as well as questions as to the location of its western boundary.

Plaintiffs undertook to deraign title to the Brake survey under the will of H. S. McComb, of Wilmington, Delaware, in whom, at his death, it was conceded such title was vested. He died in the year 1881; his will was probated in Delaware in 1882, and was admitted to probate in Victoria County, Texas, August 5, 1884, upon a certified copy of the Delaware proceeding. The proceeding in Texas shows on its face that it is based alone upon the Delaware proceeding, and sets out the certificates by which the latter proceeding was authenticated. The certificates embodied in the decree and thus referred to are two. The first is signed S. C. Briggs, who certifies that he is register, and as such, both clerk and judge of the Register's Court of New Castle County, Delaware, and certifies in both capacities; and then goes on to state that the copy is an exact one, made in due form. The second certificate is signed by the Secretary of State of Delaware, and certifies that Briggs is judge and clerk of the Register's Court.

The substance of the provision of the will in which the questions arise are thus stated in the brief: After making certain bequests and

devises, not including any property in Texas, it was provided in item 5 of the will, that immediately on testator's decease Walthall and Dupont should divide the residue of the estate into four shares, one of which should be allotted Ellen Bush McComb, and the other shares to the three other children of testator. Item 7 of the will provided, that at once upon the allotment, the share of Ellen Bush McComb should be held by Elizabeth B. McComb and James Craig McComb, as trustees, on certain trusts for her benefit.

On August 25, 1882, Walthall and Dupont executed a deed of allotment and set aside, in the share of Ellen Bush McComb, all of the lands belonging to the estate of their testator situated in Texas. Items 6, 8, and 9 of the will provided, that the trustees shall hold the shares of the three devisees, other than Ellen Bush McComb, the trustees in each case being James Craig McComb and Elizabeth B. McComb, except in the case of James Craig McComb, the trustees for him being Ellen Bush McComb and Elizabeth B. McComb. Item 7 of the will is set out in full in the transcript, and provided, that upon the allotment to Ellen Bush McComb, her share should vest in James Craig McComb and Elizabeth B. McComb as trustees for her life, but she should have the right to occupy the real estate and enjoy its profits, and to appoint by her will a beneficiary to receive it. She was given full possession of her share, and power over it, except that she had no power of alienation. On the death of Ellen Bush McComb, the trustees were at once to convey to her appointee, or, in default of any appointment, to her issue, the share set aside to her, and the estate was then to vest in fee simple. In the event of her death without issue then living, her estate was to go to such persons as would be the heirs of the testator under the laws of the State of Delaware.

Item 10 of the will provides, that in the event of the death of the tenant for life, Ellen Bush McComb, of the equitable estate, intestate and leaving children or issue then living, who might be minors, then that the estate should be held by the trustees and managed by them until the beneficiaries should be of age, when deeds should be made to them, and the estate should vest in fee simple; there is a provision, that in any event conveyances should be made at a not longer period than the expiration of a period of twenty-one years after the death of the devisee for life; and also, that immediately upon the death of any one who would have been entitled to a conveyance, if he had reached twenty-one, leaving issue, then in such a case the issue should be entitled to an immediate conveyance.

The will shows that the testator's daughter, Ellen, was unmarried and a minor at the date of the will in 1880; and the will allows her to devise the land allotted to her only by a will made after she should be of full age. The will contemplates that she may marry, and provides that the land allotted to her shall be held for her separate use, free from the control of her husband. And the will also provides, that if she dies under age, or after full age without will, and left child or

children who should be minors, the trustees should continue to hold the land in trust for such child or children until they attained the full age of 21 years.

Dupont and Walthall were not made executors, that office being filled by another, nor was any estate in any of the property, by the will, vested in them.

The evidence of title produced by plaintiffs did not show that Ellen Bush McComb had ever married, or that she was dead. They deduced title from H. S. McComb only through the will and the deed of allotment from Walthall and Dupont. They proved, however, that as trustees (for whom is not stated) they had leased the Peter Brake survey to defendant Austin —— years prior to the location under the Thomas certificate, and that Austin took actual possession, including the land now claimed by defendant Welder, as their tenant, and was holding such possession prior to and at the date of such location and survey; that, being informed that a vacancy existed between the Brake and Dimmitt surveys, he and Jordan procured the Thomas certificate and caused it to be located. After the patent was issued, he conveyed to Welder the part of the land in controversy now claimed by the latter. Jordan, prior to the location of the Thomas certificate, had a part of the land in controversy inclosed, but did not claim it until after such location, when he conveyed to Austin, and Austin conveyed to Welder.

*Conclusions of Law.*—1. That the legal title to the Brake survey, by the will of McComb, was vested in plaintiffs, as trustees for Ellen Bush McComb, immediately upon the making of the division by Dupont and Walthall. That title did not come from the last named parties, but from the testator, by operation of the will. The fact that the will had not been then probated in Texas did not prevent its operating to vest title according to its provisions. Until probated here, it could not be used as evidence in the courts of this State; but after it was probated and its authenticity was thereby established, it became evidence of the previous investiture of title according to its terms. March v. Huyter, 50 Texas, 243; Mills v. Herndon, 60 Texas, 353. The making of the allotment by the persons named was simply the event upon which the title was to vest in severalty, and when that act was performed, the devisees took by force of the devise in the will, and not through a conveyance of title by those persons. If, however, it should be conceded that it was the deed from Walthall and Dupont that passed the title, the result we think would be the same. The will authorized them to exercise the power immediately upon the death of the testator, and the subsequent probate of the will simply furnished the authentic evidence, that when they acted they had the power to do so. The power exercised was not like that usually given to executors to sell for purposes of administration, which may require the sanction of

the Probate Court before they may be exercised, as was probably the case in Mills v. Herndon.

2. It will be seen from the above statement that plaintiffs failed to prove that they held the title in trust for Henry McComb Bangs, as they alleged. They simply deraigned title to themselves as trustees for Ellen Bush McComb, showing no connection between her and the minor for whom they allege they are now trustees. We agree with appellants' counsel in the contention that there is no presumption which will support the allegation that Henry McComb Bangs is at present the beneficiary of the trust created by the will. The presumption rather is, that Ellen Bush McComb still survives. But the allegation that plaintiffs hold the legal title in trust for the minor is not, we think, an admission by plaintiff that the original beneficiary is dead. The allegation that Henry McComb Bangs is the present cestui que trust, it seems to us, is to be treated simply as an allegation not proved, and no presumption or speculation should be indulged with regard to it, but the case should be decided upon the facts proved. Plaintiffs show legal title to themselves in trust for Ellen Bush McComb, and there is no evidence to indicate that such relation has ever changed. In actions like the present, where title is traced to a person, it is to be assumed to remain in him until it is shown to have been divested. The question, therefore, is simply whether or not the allegations and proof correspond; or in other words, whether or not the plaintiffs have proved substantially what they alleged. It was necessary only for them to prove the substance of the issue. They alleged that they held the legal title. If this was true, they were entitled to recover upon such title as against all persons unconnected with the equitable title. For whom they held the legal title was a question which, as between themselves and all persons not entitled to assert the equitable title, was wholly immaterial. Had they not alleged in whom the equitable title was vested, no proof on the subject would have been necessary. In alleging it, they stated a fact that could not mislead or prejudice the defendants, and about which the latter could make no issue affecting the decision of the case, and hence one which in our judgment ought to be treated as surplusage, and not necessary to be proven. The case would be different if a recovery could only be had upon the title of the beneficiary, as in case of a guardian suing for his ward's property, or of an administrator suing for the property of the estate, or of a husband suing for the property of his wife, and misstating the title. Plaintiffs here allege that they have the legal title. There can be but one legal title to the same property, whoever may be the owner of the equitable title, and plaintiffs allege and prove that they have that title. Our conclusion is that plaintiffs proved the title asserted by them, and that their failure to show that they held it for the party alleged is not a material variance.

In regard to their possession of the land by tenant, we think that such possession, prior to the entry of defendants, constituted prima

facie evidence of title to the land so possessed. Keys v. Mason, 44 Texas, 140. And this would be true whether defendants are estopped by the fact of tenancy to deny such title or not. But this evidence of possession does not affect the point last considered, because, while the proof is that such possession was held under plaintiffs as trustees, it does not show that it was held for them as trustees for the named minor. Aside from that question, and assuming that plaintiffs may recover without proof that the equitable title is in the minor, the fact of such possession threw upon defendants the burden of proving title to the land superior to that of plaintiffs. We do not think, however, even if all of them were subject to the estoppel ordinarily resting on the tenant to dispute the landlord's title, that they would be estopped from showing the land held was in fact public domain, and therefore subject to their location. The public domain can not be made the subject of a lease by one person to another without right from the State, and if defendants had succeeded in showing that the land in controversy was subject to their location, they should have had judgment.

The objection to the authentication to the probate of the will from Delaware, that it consisted of only one certificate made by the same officer in his capacities of judge and clerk, is not well taken. If it were not sufficient, however, we are not prepared to say that the order of the Texas court, admitting it to probate upon a defective authentication, would be void.

The court did not err in refusing to submit to the jury the question whether or not defendants had acquired title by limitation. The Thomas certificate was located in the land July 7, 1888, by Austin and Jordan, and the patent issued to them November 21, 1889. The suit was brought November 19, 1892. Austin was, at the date of the location and the issuance of patent, in possession under lease from plaintiffs, and Jordan had part of the land inclosed with Austin's permission. Both were holding in subordination to plaintiffs' title, and there was no evidence that they had openly repudiated such holding, and brought home notice of an adverse possession to plaintiffs for as much as three years before the suit was brought.

If the land was included in the Brake survey, as the jury found, the possession was not adverse; and if it was not so included, there was no question of limitation.

The remaining questions all relate to the issue of boundary alone, and we will not go into the details of the evidence upon that subject. The evidence made it proper for the jury to find that the Brake and the Dimmitt surveys had a common boundary, and that the former embraced the land in controversy.

The seventh paragraph of the charge and special charge number 2, given at request of plaintiff, stated the rule laid down in Maddox v. Fenner, 79 Texas, 291. A charge, that the presumption is to be indulged that the surveyor actually surveyed the lines of a survey,

would in many cases be an invasion of the province of the jury, and we do not consider the giving of such charges to be the correct practice; but in the present instance we think no injury was done by the charges complained of, as they directed the jury to a correct result. Taken together with the charges given at the request of defendants, the charge submitted the issues fairly enough. There was no error in refusing the special charges requested by defendants, nor in excluding the evidence of Winsor.

The judgment is affirmed.

*Affirmed.*

Delivered March 21, 1895.

### ON MOTION FOR REHEARING.

WILLIAMS, ASSOCIATE JUSTICE.—At request of appellants' counsel, we make the following additional findings:

1. The verdict of the jury and judgment of the court was in defendants' favor on their plea of improvements made in good faith.

2. The judgment of the court was that the plaintiffs (the trustees), holding the legal title, should recover the land sued for, for the benefit of the minor plaintiff, Henry McComb Bangs, and that it appears from the petition that Henry McComb Bangs was a party plaintiff suing by his next friend and father, Francis S. Bangs.

We think the facts in regard to limitation are correctly and sufficiently stated in our former opinion.

Delivered April 25, 1895.