PENA Y VIDAURRI'S ESTATE v. BRUNI et al.

(Court of Civil Appeals of Texas. San Antonio. April 2, 1913. Rehearing Denied April 30, 1913.)

1. APPEAL AND ERROR (§ 1039*)—HARMLESS ERROR.

The court's action on exceptions to the pleadings of a party who was dismissed from the suit is immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4075–4088; Dec. Dig. § 1039.*]

2. WILLS (§ 229*)—CONTENTS—PERSONS ENTITLED—"PERSON INTERESTED."

The expression "person interested" in Rev. Civ. St. 1911, art. 3236, providing that any person interested in an estate may at any time before any application, etc., is decided upon, file opposition thereto in writing, and be entitled to be heard upon such opposition as in other suits, includes only one entitled to share in the estate or its proceeds, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise, except as a creditor, and would not include one who claimed to have purchased all of testatrix's interest in the land sought to be bequeathed by her, so that such person could not contest testatrix's will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 550–554; Dec. Dig. § 229.*

For other definitions, see Words and Phrases, vol. 4, pp. 3702–3706.]

3. WILLS (§ 246*)—PROBATE—FOREIGN WILL—CONTEST OF VALIDITY.

Rev. Civ. St. 1911, art. 3276, provides that, when a will has been probated according to the laws of a foreign country, a copy of the will and probate attested by the clerk of the court in which the will was proved with the seal of the court annexed, and a certificate from the presiding magistrate that the attestation is in due form, shall be filed and recorded and shall have the same effect as the original will. *Held*, that the validity of the foreign will, after it has been recorded as provided by statute, may be contested as the original will might have been, though the statute does not

seem to contemplate a contest of the probate of a foreign will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 582, 583; Dec. Dig. § 246.*]

4. WILLS (§ 259*)—PROBATE—TIME.

Even after the lapse of four years, a domestic will may be probated to establish a link in a chain of title.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 598–599½; Dec. Dig. § 259.*]

5. WILLS (§ 245*)—PROBATE—FOREIGN WILL.

A will duly attested according to the laws of the foreign country where it was probated should be admitted to probate under the Texas statute, though not attested by the clerk of the court, with the certificate of the judge that the attestation is in due form, as required by Rev. Civ. St. 1911, art. 3276.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 577–581; Dec. Dig. § 245.*]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Application by Francisco Martinez to probate the will of Clara de Jesus Pena y Vidaurri, contested by A. M. Bruni and Juan Vidaurri. From a judgment dismissing contest by Juan Vidaurri, and denying probate, the proponent appeals. Affirmed as to contestant Vidaurri, and contest by Bruni dismissed, and cause remanded, with directions.

H. G. Dickinson, of Laredo, for appellant. Hicks & Hicks & Teagarden, of San Antonio, and Atlee & Smith, of Laredo, for appellees.

FLY, C. J. Francisco Martinez sought to probate the will of Clara de Jesus Pena y Vidaurri, which had already been probated in Mexico, by which will testatrix bequeathed to Maria del Refugio Pena y Zamorana and to Victor Pena, son of said Maria, all of her undivided interest in two tracts of land in Webb county, Tex., known as the Dolores and Coralitos tracts; the same being parts of a larger tract granted by the government of Spain to Jose Vasquez Borrego and known as the Jose Vasquez Borrego grant. Martinez claimed to have bought the interest of said devisees in said lands, and desired to have said will probated in order to establish a link in his chain of title. A. M. Bruni and Juan Vidaurri contested the probate of the will. Bruni alleged that he was the owner of a large part of the land described in the application to probate, and that, if the will was probated, it would cast a cloud upon his title. The county court rendered judgment for the contestants, and dismissed the application, and the proponent of the will appealed to the district court. Bruni alleged that he purchased all the interest of the testatrix from her and owned the same. Exceptions to the answer of Vidaurri and Bruni were overruled, but on a hearing it was held that Vidaurri was not a person interested in the estate, and he was dismissed from the suit, and judgment was rendered in favor of Bruni, denying probate to the will.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

[1] The first assignment is overruled. As Vidaurri was dismissed from the suit, the action of the court on the exceptions to his pleadings is utterly immaterial. It is provided in article 3236, Rev. Stats. of 1911, that "any person interested in an estate may, at any time before any application, petition, exhibit, account, claim or other proceeding is decided upon by the court, file opposition thereto in writing, and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition as in other suits." It is apparent from the quotation that the person contesting the probate of a will must be interested in the estate.

[2] The expression, "person interested," as used in the statute, includes only him, who either absolutely or contingently is entitled to share in the estate or the proceeds thereof, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise, except as a creditor. In re Killan's Estate, 172 N. Y. 547, 65 N. E. 561, 63 L. R. A. 95; Railway v. Gould, 64 Iowa, 343, 20 N. W. 464; Chandler v. Railroad Com'rs, 141 Mass. 208, 5 N. E. 509. In this case appellee Bruni in his pleading claims to have purchased all of the interest of the testatrix in the land sought to be bequeathed by her. Under his pleadings, he is not interested in the estate of testatrix, and claims nothing therein, but under the guise of contesting a will he is actually prosecuting an action of trespass to try title to the land, and this fully appears from his allegation that "the probating of such will would cast a cloud upon the title of said lands." If Bruni bought lands from testatrix "long before her death," as he alleged, it was no portion of her estate after her death, and he cannot by reason of the purchase be interested in her estate. Upon no other basis did he have a right to contest the probate of the will, and we hold that he had no right to contest the probate of the will, and should be dismissed from the cause, and not permitted to appear therein. If he bought the whole of the land, and any one should claim it, the proper tribunal will be open to him to establish his claims and remove clouds of any description from his title.

The inquiry as to the propriety of filing and recording the will should not extend back of the probate of the will in Mexico; but, if the instrument is properly attested under our statute as to the probate of foreign wills, it should be filed and recorded. In article 3276, R. S. 1911, former No. 1909, it is provided that when a will has been probated according to the laws of any of the United States or territories, or of any country out of the limits of the United States, a copy of such will and the probate thereof attested by the clerk of the court in which such will was admitted to probate, and the seal of the court annexed, if there be a seal, together with a certificate from the judge or presiding magistrate of such court, that the attestation is in due form, it may be filed and recorded in the court, and shall have the same force and effect as the original will, if probated in said court.

[3, 4] The attestation of the foreign will addresses itself to the court, but the validity of the will may be contested as the original might have been. No other provision for a contest is made, and no attack upon the will could be entertained, except one that could be made upon the original. No contest of the probate of a foreign will seems to be contemplated by the statute. Poole v. Jackson, 66 Tex. 380, 1 S. W. 75. There is no provision in the statute as to when a foreign will may be filed and recorded. This will was filed in less than four years after it was probated in Mexico. Even when four years has elapsed, a domestic will may be probated to establish a link in a chain of title. Ryan v. Railway, 64 Tex. 239; Dew v. Dew, 23 Tex. Civ. App. 676, 57 S. W. 926.

The probate of the will in Mexico was certified to by Santos Balderas, "First Constitutional Alcalde and Substitute Judge of the First Instance of this 5th Judicial Section," and attested by Antonio Canales and Ascencio Ramirez. To the certificate of the judge is appended the following: "Juan B. Castello, Constitutional Governor of the Free and Sovereign State of Tamaulipas, certifies: That the signatures which authorize the foregoing document are that of the C. Santos Balderas, 1st Constitutional Alcalde of the City of Mier and Acting as Judge of 1st Instance of the 5th Judicial Section of this State and those of his assisting witnesses. Victoria City, March 6, 1909. J. B. Castello. Matias Guerra, Sec'y." The seal of the state of Tamaulipas was attached. It was recorded in the records of Webb county, Tex., on May 7, 1909. It was in evidence that in Mexico certified copies of instruments of writing are always given by the judge of first instance who signs, and has two "testedos de assistencia" or "assisting witnesses." The judge has control of the seal of the court, and no one else can attach to a copy of an instrument. The judge is the only one who certifies to a copy of any document. The signature of the Governor of Tamaulipas was proven, and that his name is attached to documents coming from the court of the first instance of Mier, Mexico. All of this evidence was uncontradicted.

It will be noted that no clerk is authorized by Mexican law to certify to documents, and that the will and the probate thereof were certified to, as required by Mexican law, by the judge of first instance and his certificate attested by the Governor of the state under the seal thereof. The statute of this state requires an attestation by the clerk of the court, under the seal, with a

certificate of the judge of the court that the attestation is in due form.

[5] We are of opinion, however, that a will duly attested according to the laws of the foreign country where probated should be admitted to probate under the statute of Texas. Welder v. McComb, 10 Tex. Civ. App. 85, 30 S. W. 822, writ of error refused; Wilcox v. Bergman, 96 Minn. 219, 104 N. W. 955, 5 L. R. A. (N. S.) 938. In the Lawyers' Report Annotated, cited, a number of cases are annotated in which it is uniformly held that, where the judge performs the duties of both judge and clerk, the certificate of the one will be sufficient.

The judgment is affirmed as to Juan Vidaurri, but is reversed in other respects, and it is the judgment of this court that the contest of A. M. Bruni be dismissed, and that he pay all costs accruing by reason of said contest, and the cause is remanded, with instructions to the district court to inquire into the question as to whether the laws of Mexico have been complied with in probating the will, and as to whether the Mexican judge who certified to the probate of the will acted both as judge and clerk in the certification of instruments from his court, and, should it clearly appear that there is no clerk or that the judge who certified the probate of the will was empowered under Mexican law to act in the capacity of clerk and judge in such matters, then to probate the will of Clara de Jesus Pena y Vidaurri, as provided in article 3276, Revised Statutes of 1911.