YSMAEL OCHOA v. J. P. MILLER ET AL.

(Case No. 4702.)

1. EVIDENCE — WILL.— A will cannot be used as evidence of title, or of a link in a chain of title, in view of the provisions of the statute, until after it is probated in the manner and form prescribed by the law.

2. PROBATE OF WILL.— *Held,* that the will in this case, made in 1871, which had never been probated, and under which a defendant, who was sued in 1879, claimed by purchase from a devisee, may still be probated, its genuineness being admitted. The will, since its execution, was not in its proper place of deposit, nor under the control of those claiming rights under it, but was under the control of those claiming adversely. R. S., art. 1828.

3. EVIDENCE — DEED.— A deed purporting to convey property claimed as separate property of the wife, signed by husband and wife, and acknowledged properly by both, is admissible in evidence, though the name of the husband be not mentioned in the body of the deed.

4. EVIDENCE.— The certificate of the comptroller of the state is neither the best nor the only evidence of the payment of taxes. It may be shown by direct or circumstantial evidence, as any other fact; following Deen *v.* Wills, 21 Tex., 643.

5. EVIDENCE — WILL. — A will not probated, but the genuineness of which is admitted, though not evidence of title, may be used as evidence of good faith in making a purchase from a devisee, and in placing improvements on the property.

APPEAL from El Paso. Tried below before John Bailey, Esq., special judge.

Suit brought by J. P. Miller, guardian, etc., in trespass to try title to an undivided half of an urban homestead in the town of San Elezario, in El Paso county. The suit was for the minor heirs of Theodore J. Miller, deceased, and the petition was filed August 12, 1879. The defendant claimed under a will, alleged to have been made by Theodore J. Miller, bearing date in 1871, by which he bequeathed to his widow, Calistra Iturbido Miller, the homestead, and to each of the minor plaintiffs $1 on their arriving at the age of twenty-one years; and also under a deed from the said Calistra and Santos Dias, with whom she intermarried after the death of her first husband, Theodore J. Miller. The deed bore date December 17, 1875, and was signed by Santos Dias, whose name did not appear in the body of the deed, and by his wife. The will seems never to have been probated; its genuineness was not questioned, but, on the contrary, was admitted. The court below, in passing upon evidence of payment of taxes, held substantially that proof of payment of taxes could only be made by certificate of the comptroller of the state. The defendant, in addition to the plea of not guilty, suggested permanent and valuable improvements made by him. Judgment for plaintiffs.

*A. Q. Wingo,* for appellant.

No briefs for appellees on file.

WEST, ASSOCIATE JUSTICE.—In view of the very careful provisions of our statutes as to the execution (R. S., arts. 4857–4876), manner (R. S., arts. 1831–1835 and 1847–1856 *et seq.*) and time (R. S., art. 1828) in which wills shall be probated, deposited and recorded, we are of the opinion that a will cannot be used in evidence in this state as constituting a title, or a link in the chain of title, to property, without it has been probated in the manner and form required by our law. Paschal *v.* Acklin, 27 Tex., 173; Tynan *v.* Paschal, 27 Tex., 286; Brundige *v.* Rutherford, 57 Tex., 26.

This seems now to be the general rule in the United States.

In Wharton on the Law of Evidence (vol. 1), it is said (section 66): " Without this proof (probate), the will itself, as a title to property, cannot be received in evidence." For this he cites many authorities, some of which, however, do not seem quite to bear him out in his statement.

In Greenleaf (vol. 1, sec. 518) the rule is laid down as follows: "In all cases where the court of probate has jurisdiction, its decree is the proper evidence of the probate of the will."

Abbott, in his work on Trial Evidence (p. 109, sec. 59), says: "A will is put in evidence by showing it to have been duly proved in the probate or other competent court within the state. . . . This is now the primary and exclusive mode of proving a domestic will."

The court, under the circumstances, therefore, did not err in excluding the will of Miller as a link in the chain of title of appellant, in the absence of evidence of its probate under our laws.

In order to use it as evidence of title to property, it must be properly probated. In this case, as its genuineness is admitted, and the proof shows that it has not been under the control of the appellant, nor in its proper place of deposit (R. S., art. 4875), but has been in the possession and under the control of appellees ever since the death of the testator, it may still be probated if the appellant takes the proper steps and makes the proper proof to the satisfaction of the court (R. S., art. 1828). No letters testamentary can, however, issue.

Where a will appears to be ancient, and comes from the proper custody, and possession has been had consistent with its terms for a long period of time, and its probate was impossible or impracticable, the court might in such a case, to uphold and favor such a long and undisturbed possession, and to protect a right, perhaps be justified in recognizing its validity and genuineness. 1 Greenleaf on Evidence, sec. 21, and many authorities cited in the note; sec. 141; sec. 142 (and note); secs. 144, 570; Starkie on Evidence, marg. pp. 93, 94, 95, 291, 292, 293, 523, 524.

This point is not, however, presented in this case, and we wish it to be understood that the decision in this case, as it should be in all cases, is limited to the exact points necessary to be determined.

The deed from Calistra Dias, and her husband Santos Dias, should have been admitted in evidence. The signature of Santos Dias to the deed, and his acknowledgment, was sufficient to show he had joined with his wife in the conveyance.

The court erred, too, in excluding the proof of payment of taxes offered by appellant. The comptroller's receipt is neither the best nor the only evidence of that fact. In Watson v. Hopkins, 27 Tex., 637, this court held that the law prescribes no more stringent rule concerning the proof of the fact of the payment of taxes than for the establishment of any other fact in the case. The payment may

be shown by direct or circumstantial evidence of a legitimate character. Deen *v.* Wills, 21 Tex., 643; Acklin *v.* Paschal, 48 Tex., 147.

The court erred, too, in excluding entirely, and for all purposes, the will above referred to, even though it was not probated, inasmuch as its existence and genuineness was admitted in open court. Though not proof of title, in the absence of evidence of its probate, it could, when admitted to be genuine, be used to show the good faith of appellant in making the purchase, and in putting improvements on the property.

There was error, also, in excluding the evidence offered by appellant to prove the amount of money he had paid for the property; and there was also error in not granting a new trial, as the verdict for ($110) one hundred and ten dollars damages against the appellant was unsupported by and against the evidence.

There are also other errors disclosed in the record in the exclusion of appellant's evidence on the subject of rent; and the final judgment, too, the suit being practically one for partition, was not in the proper form.

It is not, however, deemed necessary to notice any of the other errors complained of, as on another trial these matters may not come up again.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 22, 1883.]