JOSEPHINE H. RYAN ET AL. V. TEXAS & PACIFIC RAILROAD CO.

(Case No. 5342.)

1. PROBATE — LIMITATION.— Notwithstanding the expiration of four years from
   the death of a testator, a will may be probated for the purpose of establish-
   ing a link in a chain of title, although no letters testamentary can issue.
   Where an executor declines to present a will for probate, any one claiming
   an interest under the will may present it.
2. SALE BY DEVISEE.— A sale by a devisee of an interest held under a will, but
   made before the probate of the will, passes the estate, and a subsequent
   probate gives vitality to such conveyance, except against an innocent pur-
   chaser from an heir.

APPEAL from Tarrant. Tried below before the Hon. A. J. Hood.

This was an application made by the Texas & Pacific Railway
Company in the county court of Tarrant county, Texas, to probate
a paper as the last will and testament of Caroline M. Daggett, who
died November 6, 1871. The application was filed July 4, 1882.
The application alleged that C. M. Daggett left her sole surviving
heirs, L. C. Adams, a son, and the following grandchildren, among
others: E. M. Turner, William Turner, Robert L. Turner, George
H. Turner, Amanda Turner, Josephine H. Ryan, Charles Turner,
Carrie Keller, Saney V. Turner and Eda Bell Turner.

Josephine H. Ryan (joined by her husband, A. P. Ryan), R. L.
Turner, E. M. Turner and Stephen Terry (guardian for Amanda
Turner), W. C. Ferguson (guardian for Saney V. Turner and Eda
Bell Turner), by A. M. Carter, their attorney, accepted service of
the application to probate the will; and on October 19, 1883, Jose-
phine H. Ryan (joined by her husband, A. P. Ryan), Carrie Keller
(joined by her husband, E. H. Keller), R. L. Turner, Amanda
Turner, minor (by her guardian, S. Terry), and Charles Turner,
appeared and answered the application to probate the will, and con-
tested the applicant's right to have the same probated.

The application filed in the county court was, by order of the
county court, transferred to the district court for the reason that the
county judge, R. E. Beckham, had been of counsel in regard to
the matter, and the case then proceeded in the district court.

On the 23d day of September, 1884, the application came on for
trial in the district court of Tarrant county, and the district court
of Tarrant county admitted the instrument to probate as the last
will and testament of C. M. Daggett.

The contestants excepted to the ruling of the court admitting the
will to probate, and gave notice of an appeal to the supreme court

of the state of Texas; took a statement of facts and bill of exceptions; gave an appeal bond; assigned errors, and bring this cause to our supreme court by appeal.

The errors relied on are:

*First.* The court erred in admitting to probate the paper offered for probation, and probated as the last will and testament of Mrs. C. M. Daggett, deceased.

*Second.* The court erred in admitting the deposition of the witness Fannie E. Ottley, over the objections of contestants, as shown in the statement of facts.

*Seventh.* The court erred in overruling contestants' demurrers and exceptions to the application to probate the will, as appears in the judgment of the court.

The application was filed in the county court of Tarrant county July 4, 1882. The application alleged that Mrs. Caroline M. Daggett made her will in June, 1871; that she died in November, 1871; that she made E. M. Daggett her sole legatee; that she left certain children and grandchildren, giving their names; alleged that the interest of the Texas & Pacific Railway Company was acquired by purchase as a part of the land which constituted the community property of E. M. and C. M. Daggett, deceased. This purchase was alleged to have been made on the 22d day of October, 1875, as a part of the consideration that the applicant would locate its depot and other property thereon, which it alleged that it did in the year 1876. The application alleged as an excuse for not presenting the will sooner for probate, that, in 1878, the contestants, appellants in this case, instituted a suit in the district court of Tarrant county against E. M. Daggett, claiming an interest in the estate of Caroline M. Daggett, as heirs of Caroline M. Daggett; and that, in 1881, E. M. Daggett instituted an application in the district court of Tarrant county to probate this same will, which was afterwards, by a compromise with Daggett, dismissed, contestants for a partition of the land dismissing their partition suit; that, on the 25th of June, 1881, the contestants sued the applicant for a partition of ninety-seven acres of land (which it had purchased of E. M. Daggett in 1875), which suit it was alleged was still pending against the Texas & Pacific Railway Company; that Daggett, after the compromise he had made with the contestants to dismiss his application to probate the will of Caroline M. Daggett, refused to further prosecute any application to probate the will, though requested to do so by applicant.

The appellants, on the 19th of October, 1883, filed their answer

and contest, and demurred to the application of the Texas & Pacific Railway Company filed to probate the said will, in which they maintained that the application disclosed no facts which authorized the probating of the will; and because it disclosed that, if the applicant ever had any right to probate the will, the same was barred by the statute of limitation, and was barred at the time of the filing of the same; and because not made by any person authorized to make an application to probate the same; because it appeared that Caroline M. Daggett departed this life in 1871, more than four years before the filing of the application, and no good and sufficient cause was shown for not probating or applying for the probation of the same within four years from the death of Caroline M. Daggett.

The court overruled these exceptions, to which appellants excepted.

*A. M. Carter*, for appellants, on the right to probate, cited: P. Digest, II Vol., arts. 5532, 5533, 5499; Ransome *v.* Bearden, 50 Tex., 119; R. S., art. 1842; Schultz *v.* Schultz, 60 Am. Decis., pp. 335–362. On the statute of limitations he cited: P. D. Laws, arts. 5545, 5546, 5550; R. S., arts. 1827 and 1828.

*Davis, Beall & Rogers*, for appellee, on the right to probate, cited: R. S., art. 1828; Ochoa *v.* Miller, 59 Tex., 462; March *v.* Huyter, 50 Tex., 243; Redf. on Wills, 3d vol., p. 11, note 3; Enloe *v.* Sherrill, 6 Ired. Law, 212; Stone *v.* Huxford, 8 Blackf., 452; Shumway *v.* Holbrook, 1 Pick., 114.

On the statute of limitations, they cited: R. S., arts. 1827, 1828; Ochoa *v.* Miller, 59 Tex., 462; Shumway *v.* Holbrook, 1 Pick., 114; 1 Williams, Ex'rs, 241, 242; Ford *v.* Ford, 7 Humph., 92.

WALKER, J. COM. APP.— The probate of this will is sought by the plaintiff to establish the will of Mrs. Caroline M. Daggett as an essential muniment of title in behalf of the plaintiff, so as under the will, when established, it may be shown that at the time the plaintiff acquired the land conveyed to it by her husband, E. M. Daggett, she then having previously died, said will had invested him, as devisee under it, with all her right, title and interest to and in the property, and that the plaintiff's title would not be subject to the claim of her heirs to the community interest which she had owned at the time of her death in said property.

The case of Ochoa *v.* Miller, 59 Tex., 462, is decisive of this case, where it was held that, notwithstanding the expiration of four years

from the death of the testator, the will might be probated for the purpose of establishing a link in a chain of title, although no letters testamentary could issue.

In this case, as in that cited, the will had not been in the plaintiff's possession, nor under his control, but from aught that appears had been all the while in the place of its appropriate custody, or under the control of the husband of the testatrix.   The right to cause the will to be probated to serve the purpose of maintaining the rights of a person deriving title through it, and dependent on establishing its validity as a muniment of title, is distinctly recognized in Ochoa v. Miller.

It is held in March v. Huyter, 50 Tex., 243, that a sale by a devisee of an interest held under a will, and before its probate, passes the estate.   And a subsequent probate, by relation, would give vitality to such conveyance, except as against an innocent purchaser from an heir.   The court did not err, therefore, in overruling contestants' demurrers and exceptions to the application to probate the will.

The right of the plaintiff to have the will probated is not affected, we conceive, by the fact that there had been pending an application in the county court by E. M. Daggett to probate this will, and which he had voluntarily dismissed under terms of compromise between himself and the heirs of his deceased wife.   The plaintiff was not a party to said proceedings, nor was it to be deemed as a necessary or proper party to such a proceeding.   Even if it were chargeable with knowledge, as the world in a general sense is so chargeable for the purposes of such an application in a court of competent jurisdiction, yet, not being a party thereto, is not affected by the failure of the applicant to probate the will to prosecute the same, and it does not thereby have imposed on it an obligation to either interpose in the matter by intervening or otherwise whereby to cause the will to be probated under that particular application.

Where the executors decline to offer a will for a probate, any one claiming an interest under it may present it for probate; but it should appear that he is not a mere intruder.   Enloe v. Sherrill, 6 Ired. (Law), 212; Stone v. Huxford, 8 Blackf., 452.   So also a slave to whom his freedom is given by the will may present it for probate. Ford v. Ford, 7 Humph., 92 (see note 3, in vol. 3; Redf. on Wills, p. 11).

There is nothing apparent in the facts of this case to render the diligence of the plaintiff essentially indispensable in proceeding promptly, or at an early period, in order to obtain the probate of the will.   The instrument was drawn, it seems, in a dual form, so

as to be available as a deed as well as a will, and the devisee under it, E. M. Daggett, recorded it as a deed, and treated it apparently as sufficient as a deed. Litigation and controversy developed a doubt as to its validity as such, and ten years or more after the death of the testatrix, he made application for its probate as a will, which, as has been stated, was dismissed. A similar lapse of time had occurred in respect to the will in the case of Ochoa *v.* Miller, *supra.* It is not perceived that the plaintiff has been placed to any disadvantage, under these circumstances, in following up the application thus dismissed by filing this suit July 4, 1882. See Franks *v.* Chapman, 61 Tex., 583.

The exceptions to the admission of the depositions of Mrs. Ottley need not be particularly considered, as the case was tried before the judge without a jury, and the evidence was ample to prove the execution of the will without the testimony of Mrs. Ottley. We are of opinion that the judgment be affirmed.

AFFIRMED.

[Opinion approved May 29, 1885.]