## LONG et al. v. TODD et al.
## (No. 2694½.)

(Court of Civil Appeals of Texas. Texarkana.
Feb. 15, 1923.)

Wills ⬤⟶260—Destroyed will held entitled to probate after four years from testatrix's death.

Where will of a wife dying without children, leaving her half of the community property to her husband for life and after his death to a church, and naming him as executor without bond, was delivered, after her death, to her husband, who, although one of the deacons in the church benefited, destroyed the will, *held* that the will was entitled to probate after the husband's death, although more than four years after testatrix's death under Vernon's Sayles' Ann. Civ. St. 1914, art. 3248.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

Proceeding to probate will by V. E. Todd and others, opposed by Mrs. Emma Long and others. From judgment that the instrument was entitled to probate, contestants appeal. Affirmed.

Mrs. M. L. Waldron died January 20, 1917. She left no children, but left her husband, W. M. Waldron, surviving her. W. M. Waldron died January 27, 1921. By an application filed in the county court of Upshur county February 2, 1922, appellees V. E. Todd, J. H. Mathis, and O. J. Meador, as trustees of the Church of Christ of the Old School at Gilmer, sought to have an instrument shown to have been duly executed by Mrs. M. L. Waldron October 15, 1916, probated as her last will. The original instrument was destroyed by W. M. Waldron after the death of Mrs. M. L. Waldron, but it appeared from a copy of it produced by the proponents that the property owned by Mrs. M. L. Waldron (being an undivided one-half of the community estate between her and her husband, worth $3,500 it was alleged), was thereby devised to her husband, W. M. Waldron, for his natural life and in fee to the Church of Christ of the Old School at Gilmer after his death. W. M. Waldron was named executor of the will, without bond. The right of the proponents to have the instrument probated as Mrs. M. L. Waldron's last will was contested by appellant Mrs. Emma Long, who alleged that she was "formerly the wife of W. M. Waldron, deceased," and by appellant J. C. Waldron, who alleged that he was the brother of W. M. Waldron, and by J. W. Wall, who alleged that he was the executor of a will duly probated, left by said W. M. Waldron, on the ground (among others which need not be stated, as it is not pretended that any of them was supported by testimony) that more than four years had elapsed from the time Mrs. M. L. Waldron died to the time the application to probate the instrument was filed. On that ground the county court refused to admit the instrument to probate. Thereupon the proponents prosecuted an appeal to the district court, where appellees Mrs. Mollie Richardson, J. D. Catlett, A. F. Sheppard, Mrs. Annie Renner, and J. W. Higgenbotham, alleging that they were members of the church mentioned, joined proponents in their application to probate the instrument. At the hearing before it the district court determined that the instrument was entitled to probate as the last will of Mrs. W. L. Waldron, and rendered judgment accordingly. The appeal is from that judgment.

M. P. Mell and W. R. Stephens, both of Gilmer, for appellants.

J. N. Aldridge and T. H. Briggs, both of Gilmer, and Simpson, Lasseter & Simpson, of Tyler, for appellees.

WILLSON, C. J. (after stating the facts as above). The contention presented by the proposition in appellants' brief is that the trial court erred when he admitted the instrument in question to probate as Mrs. M. L. Waldron's last will, because more than four years had elapsed from the date of her death before it was offered for probate, and because it was not shown, they insist, that the persons who offered the instrument were not in default in failing to present it for probate within four years from said date.

There was testimony that the instrument was in the possession of the witness Briggs, who wrote it, about two months after the death of Mrs. M. L. Waldron, and that he then delivered it to W. M. Waldron, her surviving husband, who destroyed it. As shown in the statement above, by the terms of the instrument said W. M. Waldron was appointed executor thereof and took a life estate in the property belonging to the testatrix. He was a member of the church which was to take the property after his death, and was one of the deacons therein. It was a part of his duty as a deacon "to look after the finances of the church." The property of the church, witnesses testified, belonged to the members thereof. Appellees J. H. Mathis, V. E. Todd, and O. J. Meador, trustees of the church, heard "it rumored around" before the testatrix died that she had made a will in favor of the church, but neither of them knew "definitely" until after the death of W. M. Waldron that the testatrix had made such a will and that same was in existence at the time she died and had thereafter been destroyed. Appellee Mrs. Annie Renner, a member of the church, did not know anything about the will until 1921. The statute applicable (article 3248, Ver-

non's Sayles' Ann. Civ. St. 1914) is as follows:

"No will shall be admitted to probate after the lapse of four years from the death of the testator, unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid; and in no case shall letters testamentary be issued where a will is admitted to probate after the lapse of four years from the death of the testator."

In Ochoa v. Miller, 59 Tex. 460, it was held that a will was entitled to probate as a muniment of title, notwithstanding more than four years had elapsed from the date of the death of the testator, where it was admitted to be genuine, and it appeared that the time it had not been under control of the party claiming under it, nor in its proper place of deposit, and further appeared that it had been in the possession and under the control of the adverse party after the death of the testator. In Elwell v. Universalist General Convention, 76 Tex. 514, 13 S. W. 552, the holding in Ochoa v. Miller was construed to be that—

"Where the will was not under control of the applicant, nor in its proper place of deposit, but was in the possession of the opposite party, it might be admitted to probate after the expiration of four years from the testator's death, but that no letters could issue."

In Ryan v. Ry. Co., 64 Tex. 239, the application to probate the will was filed more than ten years after the death of the testatrix. It appeared there, as it did here, that the will had not been in the applicant's possession, nor under its control. It was held on the authority of Ochoa v. Miller, supra, that the applicant was entitled to have the will probated as a muniment of title in it to property owned by the testatrix.

We think the testimony referred to above, when considered with reference to the holdings in the cases cited, warranted the conclusion reached by the trial court that the instrument in question was entitled to be admitted to probate as the last will of Mrs. M. L. Waldron.

The authorities relied upon by appellants as supporting their contention to the contrary do not do so, we think. The question was not presented in Shook v. Journeay (Tex. Civ. App.) 149 S. W. 406. The point decided in Masterson v. Harris, 107 Tex. 73, 174 S. W. 570, was that the probate of a will on the application of a person not in default, filed more than four years after the death of the testator, inured to the benefit of one not entitled to have it probated because "in default" within the meaning of the statute. The point decided in Michaelis v. Nance (Tex. Civ. App.) 184 S. W. 785, was that testimony

relied on by parties who offered the will for probate more than four years after the death of the testator was sufficient to support a finding that they were not in default in failing to present it for probate within the four years. In House v. House (Tex. Civ. App.) 222 S. W. 322, the finding of the trial court was that the proponement was in default in failing to offer the will for probate until 13 years after the death of the testator.

The points decided on the appeal were that the testimony, which was materially different from the testimony in the instant case, did not establish the contrary as a matter of law, that the burden was on the proponent to show that she was not in default, and that the trial court had a right to say she had not discharged the burden. In the instant case the trial court determined that proponents had discharged the burden, and we think the testimony warranted the conclusion he reached.

The judgment is affirmed.