## ARMSTRONG et al. v. CARTER et al. (No. 437.)

(Court of Civil Appeals of Texas. Waco. Feb. 10, 1927. Rehearing Denied March 10, 1927.)

1. Wills ⬅⬊260—Will may be filed for probate after four-year period if there is sufficient evidence to show excuse for failure to offer sooner (Rev. St. 1925, art. 3326).

Under Rev. St. 1925, art. 3326, will may be filed for probate after four-year period if there is any evidence of probative force which would excuse failure to offer will sooner.

2. Wills ⬅⬊260—Children held not in default in failing to file mother's will for probate within four years after her death, where it had been under father's control (Rev. St. 1925, art. 3326).

Evidence *held* to show that children were not in default, under Rev. St. 1925, art. 3326, in failing to file mother's will for probate within four years after her death, where will had been under their father's control since the mother's death, and was filed for probate within two or three weeks after his death.

Appeal from District Court, Robertson County; W. C. Davis, Judge.

Proceedings by Mrs. Jessie M. Carter and others to probate will of Mrs. J. M. Wright, contested by H. W. Armstrong and others. From a judgment of the district court for proponents on appeal from the county court where the will was admitted to probate, contestants appeal. Affirmed.

J. Felton Lane, of Hearne, and Bush & Parten, of Franklin, for appellants.

J. L. Goodman, of Franklin, for appellees.

BARCUS, J. This suit was instituted by appellees to probate the last will and testament of their mother, Mrs. J. M. Wright. The will was admitted to probate in the county court, and on appeal to the district court the same order was made. Appellants, who were the children of Mrs. Wright by a former marriage, contested the probate of the will on a number of different grounds. In this court they contend that the will should not have been probated: (a) Because it appears that the will of Mrs. Wright was made in furtherance of and by virtue of an agreement she had entered into with her husband J. M. Wright, whereby they would make similar wills, leaving the property to the survivor for life with the remainder in fee to their two daughters, who are appellees herein; and (b) because the will was not filed for probate within four years after the death of Mrs. Wright.

With reference to appellants' first ground of complaint, the trial court found—and we think his finding is abundantly supported by the record—that the will of Mrs. Wright was not executed as a result of any illegal or void contract. The evidence abundantly supports the finding of the court that the will was the free and voluntary act of Mrs. Wright, and that same was executed with all the formalities required by law.

[1, 2] The court found that Mrs. Wright died in December, 1920, and that the will was offered for probate in October, 1925, nearly five years after her death. The court found as a fact that after Mrs. Wright's death the will was in the control and custody of her

husband, J. M. Wright, the father of appellees, securely locked in his trunk, and that neither of appellees ever saw the will until after their father died; that after their mother's death their father was in very poor health and confined to his room, and that appellees were reluctant to and did not in any way discuss the property rights with him, and never asked him whether their mother had left a will or not. The court further found that the failure on the part of appellees to file the will for probate within four years after the death of their mother was not due to laches or default on their part, and that the proof was amply sufficient to acquit them of default in failing to present the will for probate within four years. Appellants challenge this finding of the court as not being supported by the evidence. The statement of facts shows that the will of Mrs. Wright was executed by her in 1917, three years before her death; that at the time same was executed appellees knew that the will had been executed, and knew in a general way that under its terms their father would own their mother's property during his life and that at his death the property would belong to them. Each of appellees testified that they knew the will had been drawn. They further testified that they had never seen the will prior to their father's death, and that after their mother's death they had never discussed the matter with their father because he was old and very peculiar and they thought it was his affair; that their father had always kept all of his deeds and papers in his trunk and never discussed with them any matters of business; and that they had never bothered him about his deeds and papers; that they never saw the will until after their father's death; and that at all times after their mother's death their father kept both his will and their mother's will securely locked in a trunk in his room. The evidence shows that Mr. Wright was an old man and kept his affairs strictly to himself. The evidence shows that the appellees did not have access to the will, and they did not know the extent of the provisions of same as it affected their rights until after their father died.

Under article 3326 of the Revised Statutes of 1925, it is provided that a will may be probated after four years, if it is shown that the party applying for such probate was not in default in offering same for probate before the four years had elapsed. Clearly, the intention of the Legislature was to lodge with the trial court or jury the power to determine as a question of fact, where there is any evidence raising the issue, whether there was a default. The tendency of our courts has been from its earliest decisions to permit wills to be filed after the four-year period, where there is any evidence of

a probative force which would excuse the failure to offer the will sooner. Long v. Todd (Tex. Civ. App.) 252 S. W. 327; Michaelis v. Nance (Tex. Civ. App.) 184 S. W. 785 (writ refused); House v. House (Tex. Civ. App.) 222 S. W. 322; Ochoa v. Miller, 59 Tex. 460; Ryan v. T. & P. Ry. Co., 64 Tex. 239.

The facts in the case of Long v. Todd, supra, were very similar to the facts here, and the will was permitted to be probated. In the early cases of Ochoa v. Miller and Ryan v. T. & P. Ry. Co., supra, the wills were permitted to be probated where it was shown that the same were in the possession of other parties and not under the control of the parties offering same for probate until after the four years had expired. We are of the opinion that the trial court was justified under the evidence in this case in holding that appellees were not in default in offering the will for probate prior to the time their father died. The record shows that the will was filed for probate within two or three weeks after his death.

We have examined all of appellants' assignments of error, and same are overruled. The judgment of the trial court is affirmed.