**LUTZ et al. v. HOWARD et al.**

**No. 2462.**

Court of Civil Appeals of Texas. Eastland.

July 12, 1944.

Homer E. Stephenson and De Witt C. Bennett, both of Orange, for appellants.

E. L. Bruce, of Orange, for appellees.

LESLIE, Chief Justice.

This cause or certiorari proceeding was instituted by the heirs of the deceased daughter against two other daughters of the deceased parents and seeks to set aside or annul the probate of the father's will on the ground it was not probated until more than four years had elapsed after the father's death. The trial resulted in a judgment upholding the previous probate of the will as muniment of title and denied petitioners any relief. They appeal.

The trial was before the court without a jury and on request of appellants that court made and filed findings of fact and conclusions of law.

The application for probate of the will was made by the mother, Mrs. Sarah Henry, and Mrs. Grace Howard and Mrs. Ruth Weaver, the only two surviving daughters of Mrs. Henry and her husband, William Henry, the testator, who died prior to the death of Mrs. Henry.

C. A. Lutz was the husband of Edna Henry Lutz, the deceased daughter, and their only children are C. A. Lutz, Jr., a minor, Bonnie Jean Harr and Eloise Mc-Bride, whose respective husbands are Clarence Harr and Cecil McBride. These surviving heirs instituted this proceeding.

The will in question was dated January 18, 1933. The testator, William Henry, died October 4, 1934, and his will was not filed for probate until October 23, 1941. The will was admitted to probate on November 10, 1941.

Mrs. Sarah Henry was the sole devisee in said will and some of the property acquired by her under the terms of the will was sold and deeded by her to Mrs. Ruth Weaver, who is for that reason especially interested in having the will probated as a muniment or link in her title to that property. Her right to such relief is fully and specifically sustained by the trial court, whose findings of fact and conclusions of law clearly cover every issue presented by this appeal and exonerate Mrs. Weaver from any character of default that would bar her right to have the will probated as a muniment of title.

Pertinent portions of these findings and conclusions are as follows:

"At the time of the death of said William Henry he left surviving him as his heirs, the following, to wit: His wife Sarah Henry; their two married daughters, to wit: Mrs. Grace Howard and Mrs. Ruth Weaver; and three minor children of their deceased married daughter, Mrs. Edna Lutz; said 3 minor grandchildren being C. A. Lutz, Jr., Bonnie Lutz (now Bonnie Harr), and Eloise Lutz (now Eloise McBride); and C. A. Lutz, Sr., the surviving husband of said Mrs. Edna Lutz, deceased.

"After the death of the said William Henry, said two surviving married daughters, Mrs. Grace Howard and Mrs. Ruth Weaver, cared for, supported and maintained their said mother, Mrs. Sarah Henry to the time of the death of said Mrs. Sarah Henry, and during said time said 3 children of said deceased daughter, Mrs. Edna Lutz, made no contribution or assistance to the support of the said Mrs. Sarah Henry.

"At the time of the death of said William Henry he left no property other than community property of himself and the said Mrs. Sarah Henry, same consisting of a few hundred dollars, which was utilized and exhausted by his widow, Mrs. Sarah Henry, in funeral expenses of said William Henry; and the homestead situated in the city of Orange, of the value of be-

tween $1,000.00 and $1200.00, hereinafter designated as the property deeded by Mrs. Sarah Henry to said Mrs. Ruth Weaver; same known as the Border Street property.

"On October 22, 1941, eleven months anterior to her death, the said Mrs. Sarah Henry, in consideration of the support and maintenance her said two daughters had given her, conveyed by deed to one of said Daughters, Mrs. Grace Howard, what is known as the 4th Street property ·in the city of Orange, same being separate property of said Mrs. Henry which had been devised to her by a relative, C. A. Reister, after the death of said William Henry; and conveyed to the other one of said daughters, Mrs. Ruth Weaver, the above mentioned homestead property, known as the Border Street property.

"On the date following the date of said two deeds, to wit, October 23, 1941, said two grantees, Mrs. Grace Howard and Mrs. Ruth Weaver, joined by said Mrs. Sarah Henry, filed for Probate said Will of said William Henry; and said Will was by the Probate Court of Orange County, ˙Texas Probated on November 10, 1941, said will being offered for probate as a muniment of title.

"Neither the said Mrs. Grace Howard, nor the said Mrs. Ruth Weaver, were aware of the existence of said will of William Henry until after the execution and delivery to them of said two deeds aforesaid; and neither the said Mrs. Sarah Henry, nor the said Mrs. Grace Howard, nor the said Mrs. Ruth Weaver, were in default in not having sooner presented said will for probate; but if the said Mrs. Sarah Henry was herself in such default, nevertheless neither the said Mrs. Grace Howard or the said Mrs. Ruth Weaver were in such default, and it had never been incumbent upon the said Mrs. Howard or the said Mrs. Weaver to present said will for probate anterior to the time they did so present same; and the same was presented for probate by the said Mrs. Ruth Weaver as a muniment of title.

### "Conclusions of Law

"Said will of William Henry was properly admitted to Probate upon the application of the said Mrs. Ruth Weaver as a muniment of title to the property which had been conveyed to her by Mrs. Sarah Henry for a valuable consideration.

"The default, if any, of the said Mrs. Sarah Henry, in not having presented said will for probate within 4 years after the death of William Henry, did not operate to preclude Mrs. Ruth Weaver, her grantee, from probating said will as a muniment of title."

Since this ·is a certiorari proceeding the fact issue is restricted to the issue set forth in the application therefor, namely, that proponents for the probate of the will were in default in not having presented it for probate within four years from the death of the testator.

The appellants attack the judgment by three points, namely, that the trial court erred in not concluding, as a matter of law: (1) "that Sarah Henry, sole legatee under the will of William Henry, deceased, was in default in not having presented said will for probate within four years from the date of the death of the testator"; (2) "that the appellees were not in positions of bona fide purchasers for value"; and (3) "that the default of the said Sarah Henry in not having presented said will for probate within four years after the death of William Henry, deceased, did operate to preclude the grantees, appellees, from probating such will."

Of course it will be borne in mind that Mrs. Sarah Henry, the mother and sole devisee under the will of William Henry, was not the only proponent for probate of the will. Mrs. Howard and Mrs. Weaver, the daughters, joined her as such proponents, and, as pointed out, it was of special importance to Mrs. Weaver, whose right to probate the will as a muniment of title must be tested solely by her default, if any. Further, if it be conceded that Mrs. Sarah Henry was in default and without the right to probate the will, which the court did not find, such default on her part would not establish default on the part of the other proponents of the will and preclude their rights, jointly or severally, to have the will probated as a muniment of title.

If it be conceded that the devisee's default (mother under the will) would descend to and be conclusive of her heirs, as such, and that the same result would follow as against any devisee of her's, as was held respectively in Faris et al. v. Faris, Tex.Civ.App., 138 S.W.2d 830, and Matt et al. v. Ward et al., Tex.Civ.App., 255 S.W. 794, nevertheless, that would not·

be conclusive of the right of these daughters (or either of them) as proponents for probate of their father's will, since their claims and rights are based upon a deed and do not rest upon mere claims as heirs or devisees of the mother, the devisee in the father's will. We deal here with a grantee (Mrs. Weaver) or vendee of the devisee, the mother, as evidenced by the mother's deed duly acknowledged and delivered in her lifetime for a valuable consideration.

In St. Mary's, etc., v. Masterson, 57 Tex.Civ.App. 646, 122 S.W. 587, 590, writ refused, where a will was probated as to one proponent not in default and could not have been probated as to another in default, the court held: "We start out with the principle established in the above cases that a purchaser from a devisee is a person entitled to have a will probated when the same constitutes an essential link in his title. The applicants, * * * occupy that position. Their right to have it probated is not dependent on the existence of the same right in their grantors, the devisees. The latter may have lost their right by reason of knowledge possessed by them concerning the will, and their vendee may at the same time have the right because of his want of such knowledge. It is to be borne in mind that it is the applicant's 'default' that the statute has reference to."

■ The authorities uniformly hold that under Article 3326, Vernon's Ann.Civ.St., 1925, only the default of the party applying for the probate of the will is an issue. Faris v. Faris, supra. Obviously the default of one proponent does not cut off the right of another proponent, not in default, to probate the will as a muniment of title, and Mrs. Ruth Weaver's right to probate the will stands on its own merits, regardless of and independent of any default that might be conceded to exist on the part of the mother or any one else. St. Mary's, etc., v. Masterson, supra; Michaelis v. Nance et al., Tex.Civ.App., 184 S.W. 785; Long et al. v. Todd et al., Tex. Civ.App., 252 S.W. 327.

■ It has long been held in this state that a sale by a devisee of an interest in the land held under a will, and made before the probate of the will, passes the estate; and a subsequent probate, by relation, gives validity to such conveyance, except against an innocent purchaser from an heir, which latter question is not involved in this case. That is the holding in such cases as Ryan v. Texas & P. R. Co., 64 Tex. 239. In that case the probate of a will was sought some eleven years after the death of the testator, and in the opinion our Supreme Court cites and follows Ochoa v. Miller, 59 Tex. 460, and March v. Huyter, 50 Tex. 243.

In the case of March v. Huyter it was held: "Under the terms of the statute (in substance the same at present) then in force * * * and by the terms of the will, the interest of Susan Linthecum in and to the lands vested immediately on her death in Bird Linthecum, with power of sale, subject to the rights of creditors. He (Bird Linthecum) did not derive his interest under the will by virtue of its probate, but by the terms of the will itself. The object of this probate was to establish its existence and genuineness, and though the sales by Bird Linthecum, R. C. Linthecum, and Martha Salmons were made prior to the probate of the will, yet, when thus established, it, by relation, reached back and gave full vitality to these conveyances. If the testimony had shown that S. W. March (contestant) had been a purchaser from an heir at law of Susan Linthecum for a valuable consideration, paid without notice, prior to the probate of the will, then this title by relation might not affect his rights thus acquired. But the testimony fails to show this."

■ Under the testimony we are of the opinion that the trial court was justified in holding that Mrs. Ruth Weaver was not in default in not sooner presenting the father's will for probate. The evidence amply supports all of the trial court's findings of fact, and this court is bound by the same. City State Bank in Wellington v. Wellington Ind. School District, Tex.Civ. App., 173 S.W.2d 738; Biggs v. Hinds, Tex.Civ.App., 177 S.W.2d 288; Armstrong v. Carter, Tex.Civ.App., 291 S.W. 626; Hayden v. Middleton, Tex.Civ.App., 135 S.W.2d 281; House v. House, Tex.Civ. App., 222 S.W. 322.

Based upon the testimony we approve the trial court's conclusions of law as logical and correct, and we think the judgment well sustained by the authorities above cited and the following: Mills v. Herndon, 60 Tex. 353; Eubanks et al. v. Jackson et al., Tex.Civ.App., 280 S.W. 243, writ refused; Long v. Todd, Tex.Civ.App., 252 S.W. 327; Welder et al. v. McComb et al.,

10 Tex.Civ.App. 85, 30 S.W. 822; Elnell et al. v. Universalist General Convention, 76 Tex. 514, 13 S.W. 552; Howley et al. v. Sweeney et al., Tex.Civ.App., 288 S.W. 602.

Appellants' points are overruled, and for the reasons assigned, the judgment of the trial court is affirmed.