In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00041-CV
______________________________


IN THE MATTER OF THE MARRIAGE OF
BENITA SUE WOODS AND SAMMY EARL WOODS
AND IN THE INTEREST OF SAMANTHA
JUSTINE WOODS, ANDRAE MICHAEL WOODS,
STACY DEON WOODS AND TRACY DAWN
WOODS, CHILDREN


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 6th Judicial District Court
 Red River County, Texas
Trial Court No. CV00711


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Sammy Earl Woods attempts to appeal the trial court's granting of a final decree of divorce
signed August 8, 2005. His notice of appeal was filed AprilÂ 6, 2006. We received the clerk's record
May 4, 2006. The issue before us is whether Woods timely filed his notice of appeal. We conclude
that he did not, and dismiss the attempted appeal for want of jurisdiction.
Â Â Â Â Â Â Â Â Â Â Â Â A timely notice of appeal is necessary to invoke this Court's jurisdiction. Rule 26.1 of the
Texas Rules of Appellate Procedure prescribes the time period in which a notice of appeal must be
filed in order to perfect appeal in a civil case. A notice of appeal is timely if filed within thirty days
after the date the judgment is signed, or within ninety days after the judgment is signed if a document
extending the time to file the notice of appeal has been timely filed. Tex. R. App. P. 26.1(a). Woods
has filed pro se a "PETITION FOR FINAL DECREE OF DIVORCE BE VACATED IN THE
MARRIAGE OF BENITA SUE WOODS & SAMMY EARL WOODS," which we deem to be a
motion for new trial. Therefore, the last date Woods could timely file his notice of appeal was
November 7, 2005, ninety days after the day the divorce decree was signed. See Tex. R. App.
P.Â 26.1(a)(1). 
Â Â Â Â Â Â Â Â Â Â Â Â Woods has failed to perfect his appeal. Accordingly, we dismiss the appeal for want of
jurisdiction.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â May 10, 2006
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â May 11, 2006



hem a life estate in all their community
property (hereinafter "subject property") and upon the death of the survivor,
provided and granted a subsequent life estate in the subject property to their
two sons, C.Â O. Williams and K.Â W. Williams. The joint and contractual will
also vested fee simple in a remainder interest in the subject property to their
three grandchildren, Joyce Mills, Jerry Williams and Gaylene Horton. The
contractual will were [sic] executed by the Williams [sic] and properly
witnessed in accordance with Texas Statutes. 


 B. That the joint and contractual will executed by the Williams [sic]
contained no language granting the survivor nor any life estate holders any
right to convey or dispose of any property.


 C. That the joint and contractual will executed by CF Williams and
Cordelia Williams had not been revoked prior to the death of CF Williams.

 

 D. That upon the death of her husband CF Williams on May 2,
1980, Cordelia Williams accepted the benefits under the joint and contractual
will, that being a life estate interest in the subject property.


 E. That upon the death of CF Williams, C.Â O. Williams, the eldest
son of CF Williams, did not probate the will of his father as Cordelia Williams
had the right to her life estate on the property. 


 F. That Cordelia Williams, a life estate holder of interest in the
subject property under the joint and contractual will, executed a deed in
December 1886 [sic], purporting to grant a fee simple interest in the subject
property to her sons, C.Â O. Williams and K.Â W. Williams which would defeat
said will. The purported deed violated the provisions of the contractual will
to the detriment of the remaindermens' [sic] fee simple interest.


 G. That during the last few years of Cordelia Williams [sic] life,
K.Â W. Williams and his wife, Betty Williams, lived on the subject property in
a small trailer. 


 H. That neither K.Â W. Williams or [sic] his wife Betty Williams were
bonafide purchasers of the subject property, nor was C.Â O. Williams nor
could they have been as all only had a life estate interest.


 I. That upon the death of Cordelia Williams, on July 10, 1988,
C.Â O. Williams failed to probate the joint and contractual wills [sic] of his
parents. However, C.Â O. Williams did carry the will to an attorney before the
four year statute of limitations and did obtain an affidavit of heirship on
JulyÂ 7, 1992, which enhanced his and his brother's life estate to a fee simple
interest to the detriment of the remaindermen in contravention of the will
which he had presented to the Attorney, . . . .


 J. That upon learning of his father's failure to probate the wills
[sic] of his grandparents in August of 1998, Jerry Williams immediately
demanded that his father probate the will and moved to protect the rights of
the remaindermen, namely himself, and his two sisters, Gaylene Plant and
Joyce Mills by obtaining the will from [the attorney] and having . . . another
local attorney . . . file it as a Muniment of Title.


 K. That while C.Â O. Williams failed to probate the joint and
contractual will of CF and Cordelia Williams, Jerry Williams and Gaylene
Plant did not default in failing to timely probate the joint and contractual will
of CF Williams and Cordelia Williams, and that they provided justification for
the delay in probate.


 L. As intervenors, Jerry Williams and Gaylene Plant had the right
to intervene and assert their interests and that of their sister as
Remaindermen beneficiaries. 


II.


Conclusions of Law


 A. Since the joint and contractual will of CF Williams and Cordelia
Williams had been executed with the requisite formalities, the will is mutual
and contractual as [a] matter of law. Said will not only set forth the
testamentary disposition of property but also [was] a contract between the
testators, CF Williams and Cordelia Williams. Therefore, Cordelia Williams,
as the surviving party to the contractual will, who also accepted the benefits
thereunder, is estopped from changing its provisions.


 B. Upon the death of CF Williams, Cordelia Williams possessed
only a life interest in the subject property pursuant to the joint and contract
[sic] will she executed with her husband. She therefore exceeded the
powers granted to her under the joint will when she attempted to convey the
subject property in fee simple to her sons, C.Â O. Williams and K.Â W. Williams
and any such conveyance is invalid. The affidavit of heirship authorized by
C.Â O. Williams enlarging his and his brothers [sic] life estate to a fee simple
interest is also invalid.


 C. Lastly, because the remainder fee interest of the Williams' [sic]
grandchildren immediately vested upon the death of CF Williams, their rights
are not cut off by any action or lack thereof on the part of C.Â O. Williams,
Cordelia Williams and/or K.Â W. Williams. As holders of a vested
remaindermen fee simple interest in the subject property, they still had the
right to have the joint and contractual will of their grandparents probated as
a Muniment of Title and take under the will.


 A trial court's findings of fact are reviewable for legal and factual sufficiency of the
evidence by the same standards that are applied in reviewing evidence supporting a jury's
answer. Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994). A trial court's conclusions
of law are reviewed de novo. Asai v. Vanco Insulation Abatement, Inc., 932 S.W.2d 118,
121 (Tex. App.-El Paso 1996, no writ). A factual insufficiency point requires us to examine
all of the evidence in determining whether the finding in question is so against the great
weight and preponderance of the evidence as to be manifestly unjust. Id. In reviewing a
legal sufficiency point, we may consider only the evidence and inferences that tend to
support challenged findings and disregard all evidence and inferences to the contrary. 
Catalina, 881 S.W.2d at 297.

 Although the trial court included in its "Findings of Fact" matters more properly
belonging in its "Conclusions of Law," Betty Jean makes no challenge to those findings that
are truly matters of fact. Her two points of error, however, constitute a challenge to the
court's conclusions of law, which we review de novo. 

 Betty Jean first contends the trial court erred in admitting the will of C.Â F. and
Cordelia Williams to probate, and hence challenges the court's conclusion that such will
was properly probated. 

 Under Texas law, no will shall be admitted to probate after the lapse of four years
from the death of the testator unless it be shown by proof that the party applying for such
probate was not in default in failing to present the will for probate within the four-year
period. Tex. Prob. Code Ann. §Â 73(a) (Vernon 2003). The "not in default" language of
Section 73 is held to be a due diligence standard. Brown v. Byrd, 512 S.W.2d 753, 755
(Tex. Civ. App.-Tyler 1974, no writ). Betty Jean contends "the issue before the Trial Court
was whether or not there was any evidence whatsoever to excuse C.Â O. Williams for not
probating the will." She contends "the record is absolutely silent of any credible evidence
in which the Court could possibly find that C.Â O. Williams was 'no[t] in default.'" Jerry and
Gaylene contend, on the other hand, that the default of one proponent of a will does not
cut off the right of another proponent who is not in default. See Lutz v. Howard, 181
S.W.2d 869, 872 (Tex. Civ. App.-Eastland 1944, no writ). Even so, says Betty Jean, in this
case we should not look at whether the other parties were "not in default," because C.Â O.
was the only person who attempted to probate the will. Betty Jean is correct. Only the
default of the party applying for the probate of the will is an issue. Id. C.Â O. is the party
who applied to probate the will. Therefore, whether Jerry or Gaylene was in default is
irrelevant, because neither of them applied to have the will probated. 

 Jerry and Gaylene cite Armstrong v. Carter, 291 S.W. 626, 627 (Tex. Civ.
App.-Waco 1927, no writ), a case involving another set of children who relied on their
father to handle the family's business affairs. In Armstrong, the last will and testament of
the children's mother was kept in a trunk by their father, who handled all the business
affairs of the family. The children did not question their father about the will and did not
see it until after his death. Id. The court found the children were not in default when they
filed their mother's will for probate after their father's death, even though it was five years
after the death of their mother. Id. The facts of Armstrong, however, are distinguishable
from the instant case because Jerry and Gaylene did not apply to probate the will; only
C.Â O. did. 

 It appears from the findings of fact and conclusions of law that the trial court
considered C.Â O. to have been in default at the time he probated the will (a finding not
challenged by Betty Jean or by Jerry and Gaylene), but that such default was irrelevant to
the rights of the remaindermen to probate the will. It is true that, as interested parties,
Jerry and Gaylene had the right to apply to have the will probated. Tex. Prob. Code Ann.
Â§ 76 (Vernon 2003). However, they never exercised this right. Even after Jerry learned
in 1998 that C.Â O. had not probated the will, and even though he had the will in his
personal possession and took it to the courthouse, where he inquired about probating it,
neither he nor Gaylene ever applied to have the will probated. Instead, they merely
encouraged their father, C.Â O., to probate the will. Jerry and Gaylene did intervene in the
probate proceeding, but they never applied to have the will probated. 

 Because C.Â O. waited more than four years to apply to probate his parents' will, he
was required to prove he was not in default, i.e, that he used due diligence. In his
application to probate the will, he stated he had not known about the will. He later testified,
however, he had always known about his parents' will and had even kept it in his own
personal safety deposit box. Because C.Â O. was in default in failing to present the will
within the four-year period, the trial court erred in admitting the will to probate. Tex. Prob.
Code Ann. Â§ 73(a). Betty Jean's first contention is sustained.

 In her second point of error, Betty Jean contends the trial court erred in concluding
that the deed from Cordelia to C.Â O. and K.Â W., dated December 11, 1986, was not valid. 
The trial court and Jerry and Gaylene rely solely on the fact that C.Â F. and Cordelia's will
was admitted to probate in their assertion that the 1986 deed was not valid. However, Tex.
Prob. Code Ann. Â§ 94 (Vernon 2003) provides, "no will shall be effectual for the purpose
of proving title to, or the right to the possession of, any real or personal property disposed
of by the will, until such will has been admitted to probate." Under this provision, a will
cannot be used to prove title to real property disposed of by the will until the will has been
properly admitted to probate. Because the trial court erred in admitting the 1977 will to
probate, Jerry and Gaylene cannot rely on the intentions evidenced by the will to prove
their ownership of the property. The trial court erred in concluding that the deed from
Cordelia to C.Â O. and K.Â W., dated December 11, 1986, was not valid. Betty Jean's
second point of error is sustained. 

 We reverse the judgment of the trial court. We render judgment that Betty Jean
Williams, as sole devisee of her husband, K.Â W. Williams, owns in fee simple an undivided
one-half interest in the forty-four acres in question and that the heirs or devisees of C.Â O.
Williams own in fee simple the other undivided one-half interest in such property. 


 Donald R. Ross

 Justice 

 

Date Submitted: June 20, 2003

Date Decided: June 27, 2003