NUMBER 13-16-00211-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI - EDINBURG



IN THE ESTATE OF ALBERTO SIMO
A/K/A ALBERT SIMO, DECEASED

On appeal from the 197th District Court
of Willacy County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Hinojosa
Memorandum Opinion by Chief Justice Valdez**

Appellant, Oscar Simo Jr., appeals from the trial court's order probating Albert Simo's will. By three issues, appellant contends that appellee Annabell Alegria lacked standing and capacity to file an action on Narcy Simo's behalf to probate Albert's will as a muniment of title and that the statute of limitations bars appellee's action.[1] We affirm.

---

[1] We have reorganized appellant's issues for purposes of our analysis.

## I. BACKGROUND

Albert and Narcy were married. Narcy had one child from a previous marriage, Melba Nora Williams, and Albert and Narcy had two sons, Oscar Simo and George A. Simo.[2] In 2008, Albert and Narcy executed the "George A. Simo Trust Agreement," wherein everything they owned was transferred to the trust and held for the sole benefit of George, and George was appointed as the sole trustee. In 2009, George was appointed the guardian of Albert and Narcy on the basis that they were incapacitated.

Appellant filed suit in a separate cause to have George removed as Albert and Narcy's guardian of the estate.[3] Albert died in 2010 during the pendency of the guardianship proceeding. In 2014, in the guardianship proceeding, the trial court appointed appellee, an attorney, as Narcy's guardian ad litem. In 2015, in the guardianship proceeding, the trial court declared the trust void, and ordered that "all property constituting the res of the George A. Simo Trust . . . to revert back to the Estates of Albert Simo and Narcy Simo, respectively." According to appellee, in the guardianship proceeding, the trial court then removed George as the guardian of the estate of Narcy. At this point, appellee asked the trial court for permission to file an action on behalf of Narcy to probate Albert's will as a muniment of title. In that proceeding, appellant filed a plea in abatement and, in the alternative, a motion to dismiss complaining that the statute of limitations had expired and that appellee lacked standing and capacity to file the suit on behalf of Narcy. After hearing evidence, the trial court admitted Albert's will to probate as muniment of title. *See In re Estate of Kurtz*, 54 S.W.3d 353, 356 (Tex. App. —Waco

---

[2] Appellant's father, Oscar Simo, is deceased.

[3] It is not clear from our review of the record when appellant filed the guardianship proceeding. However, according to the appellant's brief, he filed the cause prior to Albert's death.

2

2001, no pet.) (explaining that a final order admitting a will to probate as a muniment of title is appealable).  This appeal followed.

## II.    STANDING

By his first issue, appellant contends that appellee lacked standing to file the cause of action on behalf of Narcy to probate Albert's will.

> A party's standing to pursue a cause of action is a question of law. Consequently, we review the trial court's actions de novo.  We review the trial court's factual findings for legal and factual sufficiency and review the trial court's legal conclusions de novo.

*Rupert v. McCurdy*, 141 S.W.3d 334, 338–39 (Tex. App. —Dallas 2004, no pet.) (internal citations omitted).

> In Texas, the standing doctrine requires that there be (1) "a real controversy between the parties," that (2) "will be actually determined by the judicial declaration sought."  Implicit in these requirements is that litigants are "properly situated to be entitled to [a] judicial determination."  Without standing, a court lacks subject matter jurisdiction to hear the case.  Thus, the issue of standing may be raised for the first time on appeal.

> In addition to standing, a plaintiff must have the capacity to pursue a claim.  For example, minors and incompetents are considered to be under a legal disability and are therefore unable to sue or be sued in their individual capacities; such persons are required to appear in court through a legal guardian, a "next friend," or a guardian ad litem. . . . Although a minor, incompetent, or estate may have suffered an injury and thus have a justiciable interest in the controversy, these parties lack the legal authority to sue; the law therefore grants another party the capacity to sue on their behalf.

*Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005) (internal citations omitted).

Narcy has been adjudicated incapacitated, which is a finding not at issue in this appeal.  Therefore, Narcy is under a legal disability, and she is unable to sue in her individual capacity.  *See id.*  Therefore, Narcy cannot sue even if she has a justiciable interest in the probate proceeding.  *See id.*  Narcy must appear in court through a legal

3

guardian, a "next friend," or a guardian ad litem.  *See id.*  Accordingly, the law grants another party the capacity to sue on Narcy's behalf if Narcy has a justiciable interest in the outcome.  *See id.*

It is undisputed that Albert bequeathed his entire estate to Narcy in his will. Accordingly, we conclude that Narcy has a justiciable interest in the outcome of this probate proceeding, and because she is an incapacitated person, the probate proceeding had to be brought by her representative on her behalf.  *See id.* (concluding that although suit had been brought by the decedent's representative because the decedent's estate lacked capacity, the decedent's estate had a justiciable interest in the controversy sufficient to confer standing); *see also* TEX. EST. CODE ANN. § 256.051 (West, Westlaw through 2017 R.S.) (establishing that an interested person may file an application with the court for an order admitting a will to probate); *id.* 22.018 (West, Westlaw through 2017 R.S.) (defining interested person as a devisee and as "anyone interested in the welfare of an incapacitated person").  We overrule appellant's first issue.

### III.    STATUTE OF LIMITATIONS

By his second issue, appellant contends that the trial court erred in admitting the will to probate because the four-year statute of limitations had expired.  *See* TEX. ESTATES CODE ANN. § 256.003(a) (West, Westlaw through 2017 R.S.).  It is undisputed that the trial court admitted the will to probate more than four years after Albert's death.

Although appellant is correct that generally a will may not be admitted to probate after the fourth anniversary of the testator's death, there is an exception.  *In re Estate of Allen*, 407 S.W.3d 335, 339 (Tex. App.—Eastland 2013, no pet.).  If the party seeking to probate a will can show that he or she was not in default in presenting the will within the limitations period, the will may be probated.  *Id.*  Generally, it is a fact issue whether the

4

proponent of a will is in default. *Id.* "The case law in Texas is quite liberal in permitting a will to be offered as a muniment of title after the statute of limitations has expired upon the showing of an excuse by the proponent for the failure to offer the will earlier." *Id.* And, "'[t]he tendency of our courts has been from [their] earliest decisions to permit wills to be filed after the four-year period, where there is any evidence of a probative force which would excuse the failure to offer the will sooner.'" *Id.* (quoting *Armstrong v. Carter*, 291 S.W. 626, 627 (Tex. Civ. App.—Waco 1927, no writ)).

Appellate courts in Texas have determined that a party is not in default if that person was unaware of the necessity to admit the will to probate. *See Chovanec v. Chovanec*, 881 S.W.2d 135, 137 (Tex. App.—Houston [1st Dist.] 1994, no writ) (finding that the evidence raised a genuine issue of material fact as to whether the decedent's husband was in default for waiting thirteen years after his wife's death to probate the will because the husband was not aware that it was necessary because he thought he had inherited everything from his wife); *Kamoos v. Woodward*, 570 S.W.2d 6, 8–9 (Tex. Civ. App.—San Antonio 1978, writ ref'd n.r.e.) (affirming the trial court's finding that the wife was not in default after waiting five years to probate her husband's will because (1) she did not believe it was necessary to offer the will for probate due to the nature of the property and (2) she filed the application to probate the will as soon as she became aware that her husband had inherited a royalty interest). Here, George testified that he had not admitted Albert's will to probate while he served as Narcy' guardian of Narcy's estate because all of Albert's property had been transferred to the trust, and he was not aware that it was necessary to probate the will if the trust existed.

In addition, appellee testified that as she understood it, there was no need to probate Albert's will when he passed away because he had transferred all of his assets

5

to the trust. Appellee stated that, if all assets are in trust, "there is no reason to probate the will" and that probating the will would have been unnecessary. She testified that as soon as the trial court set aside the trust, she sought permission to probate the will and then filed the application to admit Albert's will to probate. Because Narcy is incapacitated, she could only file an application to probate the will through a representative. *See Austin Nursing Ctr., Inc,* 171 S.W.3d at 849. Narcy's former representative, George, testified that he was unaware that he needed to probate the will while the trust existed, and Narcy's new representative, appellee, testified that once the trial court set aside the trust, she filed the application to probate the will. Viewing the evidence in the light most favorable to the challenged finding, crediting any favorable evidence if a reasonable fact finder could, and disregarding any contrary evidence unless a reasonable fact finder could not, we conclude that some evidence of a probative force exists which would excuse Narcy's failure to offer the will sooner. *In re Estate of Allen*, 407 S.W.3d at 338, 342 (setting out the proper standard of review and stating that whether a proponent of a will is in default is a question of fact). We overrule appellant's second issue.

## IV.  CAPACITY

By his third issue, appellant contends that appellee lacked capacity to file the probate matter on behalf of Narcy. Specifically, appellant argues that because George served as Narcy's guardian of the estate, he had the exclusive right to file suit on her behalf. In the alternative, appellant argues that the receiver in the guardianship proceeding should have filed this probate proceeding.

Generally, when a guardian of the estate has been appointed, only the guardian of the ward's estate may bring a lawsuit on behalf of the ward. *In re Archer*, 203 S.W.3d 16, 21 (Tex. App.—San Antonio 2006, pet. denied). However, appellee testified that, at

6

the time she filed the probate action, George had been removed as Narcy's guardian of the estate.  As the finder of fact, the trial court could have believed appellee's testimony that, when she sought permission to file the probate proceeding on behalf of Narcy, George had been removed as Narcy's guardian of the estate.  Appellee also testified that the trial court had not yet appointed a receiver in the guardianship proceeding.  Appellant did not provide any contrary evidence showing that a receiver had been appointed.  *In re Estate of Allen*, 407 S.W.3d at 338–39 (explaining that the evidence is legally insufficient if the evidence conclusively establishes the opposite of a vital fact).  Thus, the trial court could have believed appellee's testimony that a receiver had not been appointed.  We overrule appellant's third issue.

## V.  CONCLUSION

We affirm the trial court's judgment.


**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
26th day of October, 2017.